**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Richard COLLINS, Defendant and Appellant.**

**Cr. No. 602.**

Supreme Court of North Dakota.

Dec. 19, 1977.

John M. Olson, State's Atty., Bismarck, for plaintiff and appellee State of North Dakota; argued by Rolf P. Sletten, Asst. State's Atty., Bismarck.

Duane E. Houdek, of Houdek & Wolberg, Bismarck, for defendant and appellant.

VOGEL, Justice.

This is an appeal from a conviction, after a trial to the court, for possession of marijuana, a controlled substance, in violation of Section 19–03.1–23, subsection 3, N.D.C.C., 1975 Supplement, providing:

"Any person who violates this subsection is guilty of a class C felony; except that any person who violates this subsection regarding possession of marijuana, shall be guilty of a class A misdemeanor."

The defendant was sentenced to a term of 60 days in the county jail of Burleigh County, to be served upon the expiration of the sentence he is presently serving at the State Penitentiary. The charge of possession of marijuana arose after a search of his person at the State Penitentiary disclosed the presence of marijuana in his sock. Although the defendant denied the possession, the court gave credence to the testimony of the Assistant Warden and a guard at the Penitentiary who were present when the search was made and the marijuana found.

The defendant states three issues for review in this case, as follows:

"I.

"In a trial for possession of marijuana, the burden to prove beyond a reasonable doubt that the substance involved is, in fact, Cannabis sativa L. is upon the State.

"II.

"The trial court erred in receiving testimony of a state chemist as to the botanical identification of Cannabis when that chemist was not established as an expert in botany.

"III.

"The State must prove that plant material is Cannabis sativa L., and not merely Cannabis, to support a conviction of possession of marijuana under North Dakota statutes."

These issues are based entirely upon the direct and cross-examination of one witness, Kim Wehner, a chemist at the State Laboratories Department, who analyzed the plant material taken from the sock of the defendant. He performed a microscopic examination, a thin-layer chromatographic analysis, and a chemical color test. He testified that the substance he analyzed was Cannabis sativa, commonly referred to as marijuana. As to his qualifications, he testified that he has a bachelor's degree in chemistry, that he had attended a Drug Enforcement Administration school as to the controlled analysis of controlled substances, and had attended the F.B.I. Academy.

On cross-examination it was suggested, in the questioning, that there are varieties of Cannabis other than Cannabis sativa. His reply was that "the bulk of the scientific community regards Cannabis as monotypic." He said he was aware of no other variety of Cannabis. He was aware that some people say that there are more than one species of Cannabis and that a Dr. Schultes has made statements that the differences between different samples of Cannabis grown in different areas are genetic, rather than environmental or endemic. He repeated that Cannabis is monotypic, according to the bulk of the scientific community. He tested for certain botanical characteristics which are contained in Cannabis sativa and found them to be present.

No contrary expert opinion was offered.

■ Based upon this evidence, the defense argues that the State failed to prove an essential element of the crime, namely, that the plant substance was Cannabis sativa, since the word "marijuana" is defined as "all parts of the plant Cannabis sativa L., whether growing or not; . . ." Sec. 19–03.1–01, subsec. 14, N.D.C.C.

In this contention the defendant is in error. The evidence shows, through the only expert testimony in the record, that the plant substance was Cannabis sativa. There is no evidence to the contrary. The mere suggestion, in a question asked by an attorney, that there are other varieties of Cannabis is not proof. The undisputed evidence is that the substance is Cannabis sativa, and the admission that persons other than the witness believe that Cannabis is not monotypic does not establish that those other persons are correct in so believing. On the contrary, the only expert to testify stated that Cannabis is monotypic.

■ While a jury or a court may disregard the undisputed testimony of an expert [Waletzko v. Herdegen, 226 N.W.2d 648 (N.D.1975)], the trier of fact may, and usually does, take it to be conclusive.

We have held that even the testimony of one offered as expert need not be received until it is established that the kind of testimony offered is accepted by the scientific community and the courts. In *Stein v. Ohlhauser,* 211 N.W.2d 737, 743 (N.D.1973), we said:

"It is not enough to simply claim that a man is an expert and that the subject matter of his testimony is one calling for expert testimony. No trial judge should yield to a litigant's insistence that he be allowed to use an expert on witchcraft or water-well dowsing or astrology, at least until it is established that the reliability of such testimony is accepted by the scientific community and the courts, nor should a witness be allowed to testify as an expert until he has been shown to have some degree of expertise in the field in which he is to testify. Otherwise, the jury is faced with an appearance of exactitude and an illusion of authority which may be more confusing than helpful."

Here, there was no evidence whatever as to the acceptance in the scientific community of the point of view contrary to that of the witness, nor of the expertise of any witness to support that point of view, nor even a witness proffered to support it.

Statements of counsel are not evidence. Jurors ordinarily are advised that the argument or other remarks of an attorney, except admissions and stipulations noted in the course of the trial, are not to be considered as evidence in the case. North Dakota Jury Instruction 1040. Nor should a court, as trier of fact, consider remarks of counsel as evidence.

Counsel for the defendant very candidly advised the court that the questions of whether Cannabis is monotypic or polytypic, and whether a defendant possessing marijuana can be convicted of possessing Cannabis sativa without proving differentiation from other varieties of Cannabis has been presented to many courts and decided adversely to this defendant's position in all cases but one, citing 75 A.L.R.3d 717 (1977). In our view, we need not reach those questions in this case and decline to reach them. For reasons above stated, the undisputed evidence in this case supports the judgment of conviction.

Affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.