STATE of North Dakota, Plaintiff and Appellee,

v.

Raymond A. KLUCK, Defendant and Appellant.

Cr. No. 934.

Supreme Court of North Dakota.

Nov. 22, 1983.

Mervin D. Nordeng (argued) and James Twomey, Asst. State's Attys., Fargo, for plaintiff and appellee State of North Dakota.

Edward J. Murphy, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Raymond Kluck appealed from the judgment of the district court of Cass County which found him guilty of delivering a controlled substance. We affirm.

On various occasions informant Steve Pollack contacted defendant Raymond Kluck about selling marijuana. According to Kluck, Pollack said that if Kluck would sell marijuana to a friend who desperately needed it, Kluck no longer would owe a favor to Pollack, a person he had known in high school.

One night Pollack and special agent Hopps from the Minnesota Bureau of Criminal Apprehension visited Kluck at his home in Minnesota. Kluck refused to sell the marijuana in his home, but said that he would sell it to Pollack's "friend," agent Hopps, in Fargo at the Gateway Mall. After the three of them traveled to Fargo, Kluck sold the marijuana to agent Hopps. Kluck later was arrested and found guilty of delivering a controlled substance in violation of Sections 19–03.1–05 and 19–03.1–23, N.D.C.C.

On appeal Kluck argues that the trial court erred in finding that there was insufficient evidence of entrapment. Although Kluck admitted at trial that he sold marijuana to agent Hopps, he said that the actions of Pollack and agent Hopps induced him to sell the marijuana.

■ Section 12.1–05–11, N.D.C.C., describes the defense of entrapment:

"12.1–05–11. *Entrapment.*—1. It is an affirmative defense that the defendant was entrapped into committing the offense.

"2. Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or

other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

"3. In this section 'law enforcement agent' includes personnel of federal and local law enforcement agencies as well as state agencies, and any person cooperating with such an agency."

The defendant must prove the affirmative defense of entrapment by a preponderance of the evidence. *State v. Flamm,* 338 N.W.2d 826 (N.D.1983); Sec. 12.1–01–03, N.D.C.C.

■ In *State v. Manke,* 328 N.W.2d 799, 805 (N.D.1982), this court described the standard for reviewing cases in which a defendant challenges the sufficiency of the evidence to sustain a conviction:

"In such cases we do not weigh conflicting evidence, nor do we judge the credibility of a witness; instead, we only look to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction." [Citations omitted.]

This standard applies in the present case even though Kluck was convicted after a trial to the court without a jury because the trial court's findings have the same force and effect as a jury verdict upon review in the appellate court. *State v. Christian,* 328 N.W.2d 815 (N.D.1982); *State v. Berger,* 235 N.W.2d 254 (N.D.1975), *cert. denied* 425 U.S. 913, 96 S.Ct. 1511, 47 L.Ed.2d 764 (1976). A determination of entrapment is a question of fact unless there is no dispute as to the facts or there is no dispute as to the inferences to be drawn from the facts. *State v. Flamm, supra; State v. Pfister,* 264 N.W.2d 694 (N.D.1978). To prove entrapment a defendant must establish two elements: that the law-enforcement agent induced the commission of a crime and that the method of inducement was likely to cause normally law-abiding persons to commit the offense. *State v. Pfister, supra.* Our review of the record indicates that the trial court properly considered the elements of entrapment.

■ At the trial Kluck testified that Pollack for a period of six weeks to two months had contacted him about selling marijuana. Kluck stated that he was coerced into selling marijuana to agent Hopps because of psychological pressure. According to Kluck, Pollack stressed that they were friends, that Kluck owed him a favor, and that Pollack's friend desperately needed marijuana. Kluck testified that agent Hopps also created psychological pressure by telling Kluck that he, agent Hopps, desperately needed marijuana. Debra Stanley, who lived with Kluck at the time Pollack visited Kluck, testified that Pollack stopped by every day or every other day. She stated that she did not know if Pollack had discussed selling marijuana when he visited Kluck on these occasions.

The only other witness at the trial was agent Hopps. Hopps stated that the first time he met Kluck was the evening Kluck sold him the marijuana. At Kluck's preliminary hearing agent Hopps stated that he had Pollack approach Kluck on a number of occasions; at Kluck's trial agent Hopps attempted to clarify his previous testimony by stating that he had no direct involvement with the investigation of Kluck and that he simply acted as an undercover agent who was introduced to Kluck by Pollack. Agent Hopps also testified that Kluck offered to sell other drugs in large quantities to him. Kluck denied making the offer.

Kluck argues that he, like any normally law-abiding person, was forced to sell marijuana because of undue psychological pressure. This court, however, has previously considered and rejected claims of undue psychological pressure similar to the claim in the present case. See *State v. Flamm, supra; State v. Hoffman,* 291 N.W.2d 430 (N.D.1980).

We affirm the judgment of the trial court.

ERICKSTAD, C.J., and SAND, GIERKE and PEDERSON, JJ., concur.