STATE of North Dakota, Plaintiff
and Appellee,

v.

John C. WEISZ, Defendant
and Appellant.

Cr. No. 1004.

Supreme Court of North Dakota.

Oct. 23, 1984.

Terry W. Elhard, State's Atty., Ashley, for plaintiff and appellee.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Linton, for defendant and appellant; argued by Frank J. Wikenheiser, Linton.

SAND, Justice.

John C. Weisz (Weisz) appealed from a criminal judgment following a jury trial which found him guilty of delivering a controlled substance in violation of North Dakota Century Code §§ 19–03.1–23(1)(b) and 19–03.1–05(4)(o). We affirm.

In October 1982 Agent Paul Bazzano of the Attorney General's Drug Enforcement Unit received information from a confidential informant that Weisz was selling marijuana in Ashley, North Dakota. Based upon this information Agent Bazzano organized an undercover operation to attempt to purchase marijuana from Weisz. On 13 October 1983 Agent Bazzano, accompanied by the informant, went to Ashley in an attempt to locate and purchase marijuana from Weisz. Agent Bazzano was fitted with a microphone and transmitter. Following Agent Bazzano in a separate vehicle equipped with a receiver was another agent of the Drug Enforcement Unit and McIntosh County Deputy Sheriff Marvin Mayer.

Agent Bazzano and the informant, an acquaintance of Weisz, spotted Weisz riding as a passenger in a friend's car and waved them to a stop. A conflict exists concerning the ensuing discussion between Agent Bazzano and Weisz. Agent Bazzano testified that he asked Weisz to sell him marijuana, that Weisz agreed to the sale, and then arranged to go to his parents' home to pick up the marijuana. The parties then were to meet and consummate the sale at the Allen Walz farm where Weisz was employed. The Walz family was on vacation and Weisz had keys to their home.

Weisz' testimony conflicted in that he stated there was no discussion concerning a sale of marijuana. Instead, Weisz testified he merely agreed to meet Agent Bazzano and the informant at the Walz farm to have pizza after he had returned from his parents' home with a change of clothing.

Following the discussion Weisz, with his friend driving, first went to his parents' home and later went to the Walz farm where they met Bazzano and the informant. Weisz admitted that Agent Bazzano then requested to purchase marijuana from him and that he subsequently produced a substance he represented as being marijuana. Weisz testified he had discovered the marijuana growing wild on the Walz farm, picked it and laid it out to dry. Agent Bazzano and Walz discussed the purchase price; Agent Bazzano testified he gave Weisz $140.00, while Weisz testified he received $30 to $40. Deputy Sheriff Mayer, who had listened to the conversation via Agent Bazzano's transmitter, also testified the purchase price was $140.00.

Agent Bazzano subsequently departed with the substance represented to be marijuana and on the following day, 14 October 1982, turned it over to Mr. Aaron Rash of the State Crime Laboratory. Rash subsequently determined that the substance was 2.4 ounces of marijuana.

On 2 August 1983, over nine months after the incident, Weisz was arrested and charged with the offense of delivery of a controlled substance.

In this appeal Weisz claimed his ability to raise a proper defense was prejudiced due to excessive lapse of time between the alleged offense and his prosecution. Weisz further contended that he was entrapped in committing the offense by Agent Bazzano's use of the informant, a friend of Weisz; and finally, that there was insufficient evidence to establish that the substance delivered to Agent Bazzano by Weisz was marijuana.

The issue presented by this appeal of prejudicial delay between the alleged commission of the offense and commencement

of its prosecution is virtually indistinguishable to that discussed recently in *State v. Denny*, 350 N.W.2d 25 (N.D.1984), and *State v. Denny*, 351 N.W.2d 102 (N.D. 1984). The *Denny* opinions set out criteria we use to resolve issues of prejudicial delay between the alleged offense and arrest. No purpose would be served by repeating in detail here the reasoning set forth in those two decisions. Accordingly we will only summarize the basic legal principles involved.

■ The right to speedy trial attaches after the defendant in some way becomes the accused. Sixth Amend. U.S. Const.; N.D. Const. Art. I, § 12. The statute of limitations sets forth the time limits within which the accusation (arrest) must take place. In this case the arrest was within the three-year limitation set out in NDCC § 29–04–02. Possible prejudice is inherent in any delay but possible prejudice in itself is not sufficient to establish a due process claim. *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468, 474 (1971). Proof of actual prejudice must be established. *United States v. Levasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752, 759 (1977). Due process inquiries consider "the reasons for the delay as well as the prejudice of the defendant." *Ibid.* The reasonableness of the delay must be balanced against the prejudice to the accused. In this case the delay was attributed to the necessity for continued investigation to determine the source of Weisz' marijuana. There was no showing of wrongful delay by the State or evidence of any prejudice to Weisz. Applying these principles, we conclude that Weisz' right to due process was not violated by the ten-month delay in the arrest and prosecution.

Weisz next argued that he was entrapped in selling marijuana to Agent Bazzano. Section 12.1–05–11, NDCC, sets out the definition of entrapment:

"1. It is an affirmative defense that the defendant was entrapped into committing the offense.

"2. Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

"3. In this section 'law enforcement agent' includes personnel of federal and local law enforcement agencies as well as state agencies, and any person cooperating with such an agency."

■ In order to fashion an entrapment defense under NDCC § 12.1–05–11 the defendant must establish two elements: that the law enforcement agent induced the commission of the crime and that the method of inducement was likely to cause normal law-abiding persons to commit the offense. *State v. Kluck*, 340 N.W.2d 446, 447 (N.D.1983). A defendant has the burden to establish these two elements by a preponderance of the evidence, *id.* at 447, and that determination is a question of fact for the jury. Only if no dispute exists as to the facts or the inferences to be drawn from the facts may the court determine the existence of entrapment as a matter of law. *State v. Kluck, supra; State v. Flamm*, 338 N.W.2d 826 (N.D.1983); *State v. Pfister*, 264 N.W.2d 694 (N.D.1978).

In reviewing an appeal involving the sufficiency of evidence presented to support the defense of entrapment, "we do not weigh such evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction." *State v. Manke*, 328 N.W.2d 799, 805 (N.D.1982).

In this case Weisz did not deny he sold marijuana. Therefore our only concern is if the evidence was sufficient for the jury to decide that Weisz was not entrapped into committing the offense. Because the evidence was disputed concerning how the solicitation was made or who first solicited the marijuana the issue of entrapment was a question of fact for the jury. *State v. Kluck, supra.* Weisz contended he was entrapped because Agent Bazzano induced

him to sell marijuana by arranging for his friend, who was also the informant, to persuade Weisz to make the sale. Weisz argued he sold the marijuana solely because Agent Bazzano used his friend as an inducement.

 The mere fact that an acquaintance persuaded Weisz to make the sale does not establish entrapment. *State v. Boushee,* 284 N.W.2d 423 (N.D.1979). In addition it is also questionable to what extent the informant persuaded Weisz to make the sale. The record disclosed that the only persuading done by the informant was simply to ask Weisz if he would sell them marijuana. In the past this Court has rejected much stronger claims of persuasion than alleged in this case. *State v. Kluck, supra; State v. Flamm, supra; State v. Hoffman,* 291 N.W.2d 430 (N.D. 1980). In applying the principles and facts outlined above the evidence was sufficient to allow the jury to reject Weisz' entrapment defense.

Weisz' final claim is that the evidence was insufficient for the jury to find that the substance he delivered to Agent Bazzano was marijuana. Section 19–03.1–01(14), NDCC, defines marijuana:

> " 'Marijuana' means all parts of the plant cannabis whether growing or not; the seeds thereof; the resinous product of the combustion of the plant cannabis; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of mature stalks, fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination."

 The determination if the substance Weisz sold to Agent Bazzano was marijuana was a question of fact for the jury and again, in reviewing the evidence we use the standard articulated in *Manke, supra,* 328 N.W.2d at 805.

Aaron Rash, a chemist at the North Dakota State Crime Laboratory, testified at the trial that he conducted several tests to determine the botanical characteristics of the substance Weisz delivered to Agent Bazzano and that the tests established the substance to be marijuana. On cross-examination Rash admitted he had not tested for the Tetrahydrocannabinols (THC) level, or the potency or harmful effects of the substance. Based upon this testimony Weisz argued the State failed to prove a requisite element of the offense, namely, that the substance was marijuana as defined by NDCC § 19–03.1–01(14).

 However, we conclude that the evidence demonstrated the substance to be marijuana. The expert testimony of the state chemist indicated it was marijuana and there was no evidence, expert or otherwise, to the contrary. The marijuana's THC level or its potential for harm was irrelevant. The mere assertion by defense counsel that the substance may have been "mature stalks of the plant," and therefore not considered marijuana pursuant to NDCC § 19–03.1–01(14), does not constitute evidence, only argument. *State v. Collins,* 261 N.W.2d 878 (N.D.1977). We conclude that the evidence was sufficient for the jury to conclude the substance Weisz sold to Agent Bazzano was marijuana as defined by statute.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.