**STATE of North Dakota, Plaintiff
and Appellee,**

v.

**Marvin REHLING, Defendant
and Appellant.**

**Cr. No. 880014.**

Supreme Court of North Dakota.

July 19, 1988.

Alan Keith Duppler (argued), States Atty., Stanton, for plaintiff and appellee.

Sletten Law Office, Garrison, for defendant and appellant; argued by Douglas D. Sletten.

Appearance by Marvin Rehling, appellant.

ERICKSTAD, Chief Justice.

Marvin Rehling appeals from a judgment of conviction entered upon a jury verdict finding him guilty of two counts of delivery of a controlled substance. We affirm.

On two separate occasions Rehling sold marijuana to a police informant. He was subsequently arrested and charged with delivery of a controlled substance in violation of Section 19–03.1–23, N.D.C.C. At trial Rehling did not dispute that he had sold marijuana to the informant, but he raised an entrapment defense based upon his allegation that he was afraid of the informant and that the informant had threatened him, thereby coercing him into selling the marijuana. The jury returned a verdict of guilty on both counts and a judgment of conviction was entered. Rehling appeals.

■ Rehling asserts that the conduct of the informant in this case constituted entrapment as a matter of law. Entrapment is an affirmative defense and is set out in Section 12.1–05–11, N.D.C.C.:

"*12.1–05–11. Entrapment.*

"1. It is an affirmative defense that the defendant was entrapped into committing the offense.

"2. Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

"3. In this section 'law enforcement agent' includes personnel of federal and local law enforcement agencies as well as state agencies, and any person cooperating with such an agency."

We have held that entrapment is a fact issue for the jury and will be treated as a question of law only where the facts and inferences are undisputed:

"In order to fashion an entrapment defense under NDCC § 12.1–05–11 the defendant must establish two elements: that the law enforcement agent induced the commission of the crime and that the method of inducement was likely to cause normal law-abiding persons to commit the offense. *State v. Kluck*, 340 N.W.2d 446, 447 (N.D.1983). A defendant has the burden to establish these two elements by a preponderance of the evi-

dence, *id.* at 447, and that determination is a question of fact for the jury. Only if no dispute exists as to the facts or the inferences to be drawn from the facts may the court determine the existence of entrapment as a matter of law. *State v. Kluck, supra; State v. Flamm*, 338 N.W.2d 826 (N.D.1983); *State v. Pfister*, 264 N.W.2d 694 (N.D.1978)." *State v. Weisz*, 356 N.W.2d 462, 464 (N.D.1984).

The facts in this case are clearly in dispute. Rehling testified that the informant made the initial contact seeking to purchase drugs, continued to contact him several times a day in an effort to convince him to sell drugs, and eventually threatened him with a knife and a rifle. Rehling asserts that finally, out of fear for his life, he assented and sold marijuana to the informant. The informant, however, testified that Rehling first approached him about the possible sale of drugs, that Rehling needed no convincing to consummate the sales, and that Rehling initiated the numerous discussions about drug sales. The informant denied threatening Rehling or coercing him into selling the marijuana.

Because there is conflicting evidence regarding the conduct of the informant and the defendant we are unable to say as a matter of law that entrapment occurred. Rather, this was properly an issue of fact for resolution by the jury.

■ Rehling also apparently challenges the jury's factual conclusion that entrapment did not occur. Our standard of review of this issue is limited:

"In reviewing an appeal involving the sufficiency of evidence presented to support the defense of entrapment, 'we do not weigh such evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction.' *State v. Manke*, 328 N.W.2d 799, 805 (N.D.1982)." *State v. Weisz, supra*, 356 N.W.2d at 464.

In this case, as in *Weisz*, there was conflicting evidence regarding the informant's con-

duct, whether or not the informant initiated the sale, and whether or not the informant improperly coerced commission of the offense. Viewing the evidence in the light most favorable to the verdict, we conclude that there is substantial evidence to support the jury verdict.

■ Rehling also asserts that he was denied effective assistance of counsel at trial. Specifically he contends that his trial counsel failed to conduct a proper investigation and failed to present testimony of witnesses who would have supported Rehling's theory of the case.

We recently set forth procedures for the presentation of ineffective assistance of counsel claims, noting that generally such claims are most effectively presented in proceedings for post-conviction relief. *State v. Ricehill,* 415 N.W.2d 481, 484–486 (N.D.1987); *see also State v. Brown,* 420 N.W.2d 5, 7–8 (N.D.1988); *State v. Denney,* 417 N.W.2d 181, 182–183 (N.D.1987). As we noted in *State v. Denney, supra,* 417 N.W.2d at 182–183:

> "We have recognized before the futility of considering claims about counsel's behavior that have not been examined by the trial court. *State v. Slapnicka,* 376 N.W.2d 33, 36 (N.D.1985). Without a record scrutinizing the reasons underlying counsel's conduct, adjudging it subpar is virtually impossible."

We cannot conclude from an examination of this record that assistance of trial counsel was constitutionally defective. Therefore we affirm without prejudice to Rehling's right to raise the ineffective assistance of counsel issue via appropriate post-conviction proceedings. *See State v. Brown, supra,* 420 N.W.2d at 7–8; *State v. Ricehill, supra,* 417 N.W.2d at 485–486.

The judgment of conviction is affirmed.

VANDE WALLE, GIERKE, MESCHKE and LEVINE, JJ., concur.