**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Gary FALOS, Defendant and Appellant.**

Cr. No. 880141.

Supreme Court of North Dakota.

Nov. 8, 1988.

Rick J.E. Brown, Asst. State's Atty., Grand Forks, for plaintiff and appellee. Submitted on briefs. No appearance.

Thomas B. Jelliff, Grand Forks, for defendant and appellant. Submitted on briefs. No appearance.

MESCHKE, Justice.

Gary Falos was convicted of theft for not paying a motel bill. Falos contended that the trial judge did not advise him about his constitutional rights during the trial where he represented himself. We affirm.

At his arraignment, the trial court orally advised Falos:

"If you're charged with a misdemeanor in Grand Forks County Court, you have the following rights:

"One, the right to remain silent, and any statement made by you could later be used against you;

"Two, right to assistance of counsel before making any statement or answering any questions;

"Three, you have the right to be represented by counsel at each and every stage of the proceedings;

"Four, if you're indigent, without funds, and there is a likelihood of imprisonment or jail time, you have the right to have legal services provided at public expense to the extent that you are unable to pay for your own defense without undue hardship;

"Five, the right to be admitted to bail pursuant to the provisions of Rule 46, North Dakota Rules of Criminal Procedure; and lastly,

"Six, you have a right to a jury trial in this court. You can waive that jury trial and not have it, in which case you have a right to have the matter tried to the Court, to the judge. You can waive that court trial or hearing and not have it, in which case you have a right to plead to the charge. Only two pleas are acceptable under North Dakota law: not guilty and guilty.

"Mr. Falos."

Falos plead not guilty to the misdemeanor charge of theft of services. When the trial court asked "Do you understand your rights on this," he replied "I sure do." Falos also responded that a "court trial would be fine" when asked whether he

wanted a court trial or a jury trial. He indicated that he would not be represented by an attorney at the trial. Nothing suggests that his waiver of counsel was not knowingly and intelligently made. *See State v. Gustafson*, 278 N.W.2d 358, 362 (N.D.1979).

However, represented by counsel on this appeal, Falos complained about his trial a month after arraignment. The trial court did not repeat the rights advisory, but simply opened the trial by asking, "Who is representing you, Mr. Falos?" Falos responded, "I am myself, Your Honor." Falos claimed it was error not to again advise him about his constitutional right to counsel.

Falos also claimed that a trial court's caution—"I don't want you to testify at this point"—misled him into believing that he had to testify. At another point, the trial court remarked, "You have been in enough of these proceedings you should understand this." At the end of his cross-examination of the motel manager, Falos said, "I have no more questions for you. I will have to testify." He has asserted that this was intended as a question which the trial court ignored. Shortly thereafter the trial court asked him, "Mr. Falos, do you have any testimony?" Falos responded, "Yes." The trial court said, "All right, come and be sworn."

In his testimony, Falos admitted that he used a motel room and services over the New Year holiday of 1988 and had not paid the bill of $231.06. He attributed his conduct to alcoholism and denied an intent to steal.

Errors claimed were that the judge "expected [Falos] to be familiar with his constitutional rights in the trial" and failed to again advise Falos "of his Fifth Amendment privilege not to be a witness against himself."

■ Certainly a litigant who represents himself is entitled to as much judicial patience and courtesy as one represented by counsel. We think most judges are more careful, courteous and patient with an unrepresented person. But a trial judge cannot be an auxiliary counsel for a pro se party.

■ Here, the trial judge fairly advised Falos of his constitutional rights at arraignment. *See* NDRCrimP 10, 11(b) and 44 and *City of Fargo v. Christiansen*, 430 N.W.2d 327 (N.D.1988). Falos voluntarily chose a court trial and elected to represent himself, foregoing assistance of counsel. It might have benefitted Falos if the trial court had reiterated relevant rights at the outset of the trial, particularly his right to remain silent. But, no rule, statute, or constitutional dictate requires a trial judge to actively aid a criminal defendant representing himself during the trial. The criticized comments of the trial court were directed to the order of trial. In that context, we believe that they were not misleading or unfair.

We conclude that Falos voluntarily waived his right to counsel and that he had a fair trial. We affirm Falos' conviction.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

LEVINE, J., concurs in result.