**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Keith A. KRAFT, Defendant and Appellant.**

Cr. No. 950081.

Supreme Court of North Dakota.

Oct. 31, 1995.

Richard Riha, Assistant State's Attorney, Bismarck, for plaintiff and appellee; submitted on briefs.

Keith A. Kraft, Bismarck, defendant and appellant; submitted on briefs.

LEVINE, Justice.

Keith A. Kraft appeals from a judgment of conviction entered upon a conditional guilty plea under Rule 11(a)(2), NDRCrimP, after his motions to dismiss were denied. We affirm.

On July 16, 1993, Kraft sold two bags of marijuana to Harold Wolff, a police informant. Wolff turned the marijuana over to the North Dakota Bureau of Criminal Investigation. A criminal complaint against Kraft, alleging that he delivered a controlled substance in violation of sections 19–03.1–23, 19–03.1–05(5)(s) and 12.1–32–01(3), NDCC, was filed on April 11, 1994. An arrest warrant was issued the same day, and was served on Kraft in the state penitentiary, where he was serving a sentence on another charge.

On March 7, 1995, Kraft appeared in district court and presented a motion to dismiss for unequal enforcement of the law and a motion to dismiss for want of prosecution. The court considered these motions, and denied them. Kraft then entered a conditional guilty plea to the charges against him under Rule 11(a)(2), NDRCrimP, reserving the right to appeal from the court's denial of his motions.

Relying on State v. Kummer, 481 N.W.2d 437 (N.D.1992), Kraft argues that we should not uphold his conviction because Wolff, the confidential informant to whom Kraft sold drugs, engaged in "intolerable" conduct during the investigation that caused Kraft's arrest. Kraft alleges that Wolff used, possessed and purchased drugs for his personal use during the period in which he was working as an informant for the State.

Kraft's guilty plea, however, was conditional on his being allowed to bring two motions, both of which he brought and both of which were denied. The issue of intoler-

able police conduct was not a motion specified in the agreement underlying the conditional guilty plea and no motion based upon intolerable police conduct was brought below. Persons who voluntarily plead guilty to an offense waive their right to challenge on appeal nonjurisdictional defects that occur before the entry of the guilty plea, including alleged violations of constitutional rights. *State v. Slapnicka*, 376 N.W.2d 33 (N.D. 1985); *see Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Under Rule 11(a)(2), NDRCrimP, a defendant may preserve the right to appeal "the adverse determination of any specified pretrial motion." A defendant who enters a conditional plea agreement, but fails to preserve issues for review in the agreement, cannot raise those issues on appeal. *See United States v. Ramos*, 961 F.2d 1003 (1st Cir.1992); *United States v. Ryan*, 894 F.2d 355 (10th Cir.1990). Kraft, by entering a conditional guilty plea, preserved only his right to challenge the denial of his specified two motions. Kraft waived his right to raise on appeal any other nonjurisdictional issues related to events that occurred before he made his plea.

■ Kraft next argues that the trial court abused its discretion by rejecting his motion to dismiss for unequal enforcement of the law. Kraft claims he made a prima facie case of selective prosecution against the State. He claims that the State discriminated against him because it prosecuted him but did not prosecute its confidential informant, Wolff, who allegedly used and purchased illegal drugs.

■ A defendant alleging selective prosecution must show that the State has not generally prosecuted other similarly situated persons *and* that the State selected the defendant for prosecution for discriminatory reasons. *State v. Mathisen*, 356 N.W.2d 129 (N.D.1984). In making his selective prosecution claim, Kraft presented a newspaper article that stated that Wolff used drugs during the investigation that led to Kraft's arrest. Kraft made no showing that the State had not prosecuted others arrested during the investigation, or others suspected of drug crimes in general. Nor did Kraft present any evidence that the State prosecuted him for any reason other than his sale of illegal drugs. All Kraft offered were allegations against the State's informant. A failure to prosecute one person, similarly situated, does not meet the threshold of our selective enforcement test. Kraft's fundamental complaint is that he has been prosecuted while an equally guilty person has not been; even if this is true, it is not a defense. *State v. Krueger*, 124 N.W.2d 468 (N.D.1963). Because Kraft failed to satisfy either prong of our selective prosecution test, we hold that the trial court did not abuse its discretion in denying his motion to dismiss for unequal enforcement of the law.

■ Kraft's final argument is that the trial court abused its discretion when it rejected his motion to dismiss for want of prosecution. The record shows that nearly nine months passed between the day Kraft delivered drugs to the confidential informant and the day Kraft was charged. Kraft alleges that the State waited too long before bringing charges against him, and argues that the trial court based its denial of his motion to dismiss on insufficient facts.

■ Pre-charge delay can violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. *State v. Padgett*, 410 N.W.2d 143 (N.D.1987). A defendant who has experienced a pre-charge delay must show proof of actual prejudice to establish a due process claim. *State v. Weisz*, 356 N.W.2d 462 (N.D. 1984). A defendant cannot establish prejudice based on the amount of delay alone. *State v. Denny*, 350 N.W.2d 25 (N.D.1984). A court, seeking to resolve a due process claim, must balance the reasonableness of the delay against the prejudice to the accused. *State v. Denny*, 351 N.W.2d 102 (N.D.1984).

Kraft admits he made no showing of prejudice when he presented his motion to dismiss for want of prosecution. He argues, however, that the district court either should have proceeded with a balancing analysis regardless, or informed him of the requirement to show prejudice.

■ Kraft is mistaken. Our cases make clear that a defendant claiming a due process

violation based on pre-charge delay must show prejudice. *See, e.g., Weisz,* 356 N.W.2d at 464. We have upheld convictions in cases involving delays in charging longer than the delay experienced by Kraft and have held these delays nonprejudicial. *See Padgett,* 410 N.W.2d at 145 [eleven-month delay]; *Weisz,* 356 N.W.2d at 464 [ten-month delay]; *Denny,* 351 N.W.2d at 104 [twelve- to thirteen-month delay]. Nor was the district court obliged to coach Kraft on the elements necessary to establish a due process claim. *See State v. Falos,* 431 N.W.2d 154 (N.D. 1988). Because Kraft did not prove that the State's delay in charging caused him prejudice, we hold that the trial court did not abuse its discretion by denying Kraft's motion to dismiss based on want of prosecution.

Accordingly, we affirm.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.