# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

―――――――――――

## 2026 ND 64

―――――――――――

State of North Dakota,                    Plaintiff and Appellee

     v.

Jose Vasquez,                       Defendant and Appellant

―――――――――――

## No. 20250314

―――――――――――

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Per Curiam.

Todd A. Schwarz, State's Attorney, Stanton, ND, for plaintiff and appellee; submitted on brief.

Jose F. Vasquez, self-represented, Hazen, ND, defendant and appellant; submitted on brief.

**Per Curiam.**

[¶1] Jose Francesco Vasquez appeals from an amended criminal judgment, entered on a conditional plea of guilty reserving his right to appeal the district court's order denying his motion to dismiss or suppress evidence. We summarily affirm the amended criminal judgment.

[¶2] The State charged Vasquez with driving under suspension in violation of N.D.C.C. § 39-06-42(1). Vasquez filed a petition to dismiss the charge, which the district court denied. Vasquez then filed a motion to dismiss or suppress evidence, which the court denied. Vasquez subsequently entered a conditional plea of guilty reserving his right to appeal the court's order denying his motion to dismiss or suppress evidence. The court entered judgment.

[¶3] "A defendant reserves the right to appeal non-jurisdictional claims and defenses when the defendant enters a conditional plea of guilty under N.D.R.Crim.P. 11(a)(2)." *State v. Glaum*, 2024 ND 47, ¶ 19, 4 N.W.3d 540. Appellate review of a conditional guilty plea is limited to any adverse determinations of any pretrial motion specified in the conditional plea agreement. *State v. Kraft*, 539 N.W.2d 56, 58 (N.D. 1995). "A defendant who enters a conditional plea agreement, but fails to preserve issues for review in the agreement, cannot raise those issues on appeal." *Id.* When a defendant enters a conditional guilty plea, the defendant reserves only his right to challenge the denial of any specified motions; the defendant waives "his right to raise on appeal any other nonjurisdictional issues related to events that occurred before he made his plea." *Id.*

[¶4] Vasquez's opening brief on appeal did not identify or address any of the issues identified in his motion to dismiss. To the extent Vasquez arguably addressed reserved issues in his reply brief, "[w]e do not address issues raised for the first time in a reply brief." *Jacobs-Raak v. Raak*, 2016 ND 240, ¶ 30, 888 N.W.2d 770; *see also Hoverson v. Hoverson*, 2013 ND 48, ¶ 27, 828 N.W.2d 510 ("We

1

have said that we will not address issues raised for the first time in a reply brief, because the reply brief is limited to issues raised in the appellee's brief.").

[¶5] Vasquez did not preserve the issues he briefed in his conditional plea. Those issues were waived by his pleading guilty. Therefore, Vasquez's arguments will not be addressed on appeal. *Glaum*, 2024 ND 47, ¶ 43 ("Because he did not preserve the issues in his conditional pleas, these issues were waived by his pleading guilty."); *State v. Burr*, 1999 ND 143, ¶ 29, 598 N.W.2d 147 (concluding all issues not preserved by conditional plea were waived); *Kraft*, 539 N.W.2d at 58 (N.D. 1995) ("Kraft, by entering a conditional guilty plea, preserved only his right to challenge the denial of his specified two motions. Kraft waived his right to raise on appeal any other nonjurisdictional issues related to events that occurred before he made his plea.").

[¶6] We summarily affirm the amended criminal judgment under N.D.R.App.P. 35.1(a)(7).

[¶7]    Lisa Fair McEvers, C.J.
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Douglas A. Bahr