STATE of North Dakota, Plaintiff and Appellee,

v.

DeVerne M. MICHLITSCH, Defendant and Appellant.

Cr. No. 880084.

Supreme Court of North Dakota.

March 27, 1989.

Patricia L. Burke (argued), State's Atty., Bismarck, for plaintiff and appellee.

Michael Ray Hoffman (argued), Bismarck, for defendant and appellant.

GIERKE, Justice.

DeVerne Michlitsch appeals from a judgment of conviction entered on a jury verdict finding her guilty of possession of marijuana with intent to deliver in violation of

§ 19–03.1–23(1), N.D.C.C. We reverse and remand for a new trial.

As the result of an undercover drug investigation, law enforcement officers obtained search warrants and searched trailers 12 and 13 at Mr. B's Estates in Burleigh County late in the evening of July 8, 1987. Michlitsch was the tenant of trailer 12 and Ronald Zuraff was the tenant of trailer 13. When the officers arrived, Zuraff was in a bedroom of trailer 12 but Michlitsch was not present. Zuraff did not live in trailer 12, but often spent the night there and some of his clothing and personal effects were found in the bedroom as well as throughout other areas of the trailer. Two cake pans containing several bags of marijuana were found in a dresser in the bedroom, along with a triple beam scale and two smoking devices. Another pan containing bags and marijuana was found in a kitchen cupboard.

Michlitsch returned to the trailer at approximately 12:30 a.m. on July 9, 1987, while the officers were still there, and became angry with Zuraff and told him she was "through with" him. Zuraff and Michlitsch were arrested. Michlitsch's purse was searched and in it was found a brown pill bottle containing marijuana cigarette butts. When Michlitsch was searched at the Morton County Jail, where she had been transported for housing, a marijuana cigarette fell out of her bra.

Zuraff, who had pled guilty to the charges against him, testified at trial that the marijuana found in Michlitsch's trailer was owned by him alone. Michlitsch also testified to the effect that she had no knowledge of the marijuana in her trailer. The jury was instructed with regard to possession with intent to deliver as well as the lesser included offense of simple possession. The jury returned a verdict finding Michlitsch guilty of possession of marijuana with intent to deliver, a class B felony, and she received a five year suspended sentence. Michlitsch appealed.

**1.** Section 19–03.1–23(1), N.D.C.C., provides in pertinent part:

"*19–03.1–23. Prohibited acts A—Penalties.*

## I

The dispositive issue in this case is whether the trial court committed reversible error in refusing to give Michlitsch's requested affirmative defense instruction to the jury. That instruction states in part:

"It is an affirmative defense to the crime of possession with intent to deliver or the crime of simple possession that the defendant (1) had no knowledge of the presence of the drug or (2) had no knowledge of the identity of the substance. If the accused can affirmatively establish she possessed the controlled substance unknowingly, then she will not be held to have unlawfully possessed the substance in violation of the law."

The State asserts that for the trial court to have given this instruction, it would have had to "completely ignore" this court's holdings in *State v. Rippley*, 319 N.W.2d 129 (N.D.1982), and *State v. Morris*, 331 N.W.2d 48 (N.D.1983).

In *Rippley* we held that § 19–03.1–23(1), N.D.C.C.,[1] which prohibits possession of a controlled substance with intent to deliver, is a strict liability offense requiring no proof of guilty knowledge. We further held that the defendant was not in a position to argue that the statute violated his constitutional due process rights because the defendant could challenge the statute only as applied to him and he did "not argue that he mistakenly or unwittingly delivered a controlled substance or that he is the subject of selective law enforcement." *State v. Rippley, supra,* 319 N.W. 2d at 134.

In *State v. Morris, supra,* 331 N.W.2d at 56, we reaffirmed our conclusion in *Rippley* that § 19–03.1–23(1) is a strict liability offense, stating that "although a jury need not consider whether or not an accused had the intent to possess a controlled substance or knew that the material he possessed was a controlled substance before it can find him guilty of possession with intent to de-

"1. Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance; ..."

liver, it must consider whether or not the accused had the intent to deliver, before it can find him guilty of possession of a controlled substance with intent to deliver." (Footnote omitted.) We further held that § 19–03.1–23(3), N.D.C.C.,[2] which defines the crime of unlawful possession, is also a strict liability offense and that, under the statute, the "State does not have to prove either that the accused intended to possess the controlled substance or that he had knowledge of the existence or identity of the substance." *State v. Morris, supra,* 331 N.W.2d at 57 (Footnote omitted.) We observed that the instruction given in that case, which essentially required the State to prove beyond a reasonable doubt that the defendants intentionally and knowingly possessed marijuana with the intent to deliver it, placed a greater burden of proof on the State than our interpretation of the statutes required. We further rejected the argument that one of the defendants' due process and equal protection rights were violated, concluding that that defendant could not show that he was convicted of simple possession solely on the basis of innocent conduct.

In *Morris* we discussed the Washington Supreme Court's decision in *State v. Cleppe,* 96 Wash.2d 373, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006, 102 S.Ct. 2296, 73 L.Ed.2d 1300 (1982), upon which Michlitsch relies as authority for her affirmative defense instruction. We noted that "there is an important difference between our views and those expressed by the Washington courts" because, although simple possession does not require proof of guilty knowledge in Washington, that jurisdiction, unlike ours, requires proof of guilty knowledge to convict of possession of a controlled substance with intent to deliver. *State v. Morris, supra,* 331 N.W. 2d at 54 n. 3. We further stated:

"Also of some consequence is the Washington Supreme Court's recognition of an affirmative defense to the crime of simple possession. Interestingly, the court refers to its simple-possession statute as creating an *almost* strict-liability offense. Even though, the court explains, an accused may be convicted of simple possession without having guilty knowledge or an intent to possess a controlled substance, if the accused can affirmatively establish he possessed the controlled substance unwittingly, then he will not be held to have unlawfully possessed the substance in violation of the statute. *Cleppe, supra,* 635 P.2d at 440–441." *State v. Morris, supra.* (Emphasis in original).

In the present case, the State contends that this court "specifically rejected" the affirmative defense instruction in footnote 3 of *Morris.* We disagree. Our discussion in *Morris* constituted neither an approval nor disapproval of the *Cleppe* affirmative defense instruction. An affirmative defense instruction based upon *Cleppe* was not requested in either the *Morris* or *Rippley* cases, and therefore the issue was not before us. The issue is squarely before us in this case, and we conclude that, if the evidence so warrants and the defendant requests, the defendant is entitled to an affirmative defense instruction based upon *Cleppe* in prosecutions for the strict liability offenses of simple possession of controlled substances and possession with intent to deliver.

We agree with the Washington Supreme Court's rationale in adopting such an affirmative defense:

"That unwitting possession has been allowed as an affirmative defense in simple possession cases may seem anomalous. If guilty knowledge or intent to possess are not elements of the crime, of what avail is it for the defendant to prove his possession was unwitting? Such a provision ameliorates the harshness of the almost strict criminal liability our law imposes for unauthorized posses-

---

2. Section 19–03.1–23(3), N.D.C.C., provides in pertinent part:
  "3. It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter; ..."

sion of a controlled substance. If the defendant can affirmatively establish his 'possession' was unwitting, then he had no possession for which the law will convict. The burden of proof, however, is *on the defendant....*" *State v. Cleppe, supra,* 635 P.2d at 439–440 (Emphasis in original).

We have often said that when a statute is subject to two possible constructions, one which is of doubtful constitutionality and one which is not, the latter must be adopted. *See, e.g., State v. Knittel,* 308 N.W.2d 379, 383 (N.D.1981). Although we adhere to our conclusion that the Legislature intended that possession of a controlled substance and possession with intent to deliver constitute strict liability offenses, it would be difficult to sustain these statutory provisions, the violation of which are punishable as felonies in many circumstances, against a constitutional attack when mounted by a person who possessed the controlled substance unwittingly. *See, e.g., United States v. Wulff,* 758 F.2d 1121 (6th Cir.1985); *McCrary v. State,* 429 So.2d 1121, 1125–1127 (Ala.Ct.Crim.App.1982), *cert. denied,* 464 U.S. 913, 104 S.Ct. 273, 78 L.Ed.2d 254 (1983); *Exotic Coins, Inc. v. Beacom,* 699 P.2d 930, 947–948 (Colo.), *appeal dismissed,* 474 U.S. 892, 106 S.Ct. 214,

88 L.Ed.2d 214 (1985); *Commonwealth v. Buckley,* 354 Mass. 508, 238 N.E.2d 335, 337–338 (1968); *see generally State v. Carpenter,* 301 N.W.2d 106, 111 (N.D.1980). The *Cleppe* affirmative defense scheme is a logical accommodation which recognizes the reasons for both the legislative designation of the crimes as strict liability offenses and the constitutional interests of the accused. *See generally State v. Buttrey,* 293 Or. 575, 651 P.2d 1075, 1083 (1982).

■ We therefore conclude that it is an affirmative defense to a charge of possession of a controlled substance or possession with intent to deliver that the defendant unwittingly or unknowingly possessed the controlled substance. The defendant has the burden of proving this affirmative defense by a preponderance of the evidence. Section 12.1–01–03(3), N.D.C.C.; *see also State v. Rehling,* 426 N.W.2d 6, 7 (N.D. 1988). Because guilty knowledge is not an essential element of either offense, the State is not required to prove the nonexistence of this defense beyond a reasonable doubt. *Patterson v. New York,* 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977); *State v. Pfister,* 264 N.W.2d 694, 699–700 (N.D.1978).[3]

3. We note that the second part of the instruction requested by Michlitsch does not accurately reflect the law on the burden of proof for affirmative defenses. That part of the requested instruction states:

"The defendant has presented evidence tending to show that she did not knowingly possess the drug. The defendant does not have the burden of proof as to this. If this evidence, when considered with all the other evidence, raises a reasonable doubt as to the defendant's guilt, she is entitled to an acquittal, and you should find by your verdict, not guilty. She is not obliged to establish the defense beyond a reasonable doubt, or even by a preponderance of the evidence. The prosecution must prove her guilt beyond a reasonable doubt."

Even though this part of the requested instruction incorrectly states the burden of proof for affirmative defenses, an "error pointed out to the trial court by way of a requested instruction is preserved notwithstanding the existence of error in the requested instruction." *State v. Fowler,* 268 N.W.2d 220, 223 (Iowa 1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 842, 59 L.Ed.2d

37 (1979). *See also State v. Pfister,* 264 N.W.2d 694, 695 n. 1 (N.D.1978); *Commonwealth v. Martin,* 369 Mass. 640, 341 N.E.2d 885, 890 n. 6 (1976). The rule that a trial court may not refuse to give any instruction on a certain issue merely because the instruction requested contains some inaccurate statements of the law is also recognized in civil cases. *See Wilson v. Crouse–Hinds Co.,* 556 F.2d 870, 874 n. 8 (8th Cir.), *cert. denied,* 434 U.S. 968, 98 S.Ct. 513, 54 L.Ed.2d 455 (1977); *Chavez v. Sears, Roebuck & Co.,* 525 F.2d 827, 830 (10th Cir.1975); 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2552, at pp. 630–631 (1971).

An instruction on the burden of proof fashioned after North Dakota Pattern Jury Instruction (Criminal) Number 2085 would be appropriate:

AFFIRMATIVE DEFENSE—BURDEN OF PROOF

"Having asserted this defense, the burden rests upon the Defendant to prove it by the greater weight of the evidence. Evidence is of greater weight if, when considered and compared with the evidence opposed to it, it is more persuasive and convinces you that what the Defendant seeks to prove is more likely so

■ A defendant is entitled to an instruction based on a legal defense if there is evidence to support it. *State v. Thiel,* 411 N.W.2d 66, 67 (N.D.1987). In determining on appeal whether the jury should have been charged on a particular defense, we must view the evidence in the light most favorable to the defendant. *State v. Thiel, supra.* In this case, Michlitsch requested an affirmative defense instruction and defended on the ground that she had no knowledge of the marijuana in her trailer. Michlitsch's testimony, as well as Zuraff's testimony, supports this theory. Viewed in the light most favorable to Michlitsch, the evidence was sufficient to entitle her to an affirmative defense instruction. Because Michlitsch's primary defense in this case was unwitting possession, we cannot say that the trial court's refusal to give an appropriate instruction constituted harmless error [*State v. Thiel, supra,* 411 N.W.2d at 70], and we therefore reverse the criminal judgment and remand the case for a new trial.

## II

Although the affirmative defense issue is dispositive of this case, we address an additional issue raised by Michlitsch because of the likelihood of its reoccurrence on remand. Michlitsch asserts that the trial court erred in allowing into evidence: (1) the marijuana cigarette butts found in a bottle in her purse; (2) the marijuana cigarette found on her person at the jail; and (3) the two smoking devices containing marijuana residue found in her bedroom. Michlitsch contends that their admission violated the provisions of Rule 404(b), N.D.R. Evid., which provides:

"*(b) Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportu-

than not so. It is immaterial who produced the persuasive evidence.

"Accordingly, although the State may have proved beyond a reasonable doubt all of the essential elements of the offense charged, the

nity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

■ The general rule is that evidence of other crimes, wrongs, or acts is not admissible unless it is substantially relevant for some purpose other than to point out the defendant's criminal character and thus to show the probability that the defendant acted in conformity therewith. *State v. Micko,* 393 N.W.2d 741, 743–744 (N.D. 1986); *State v. Biby,* 366 N.W.2d 460, 463 (N.D.1985). However, it has been held that "[e]vidence of 'an uncharged offense arising out of the same transaction or series of transactions as the charged offense is not an "extrinsic" offense within the meaning of rule 404(b)' and is thus admissible." *United States v. Simpson,* 709 F.2d 903, 907 (5th Cir.), *cert. denied,* 464 U.S. 942, 104 S.Ct. 360, 78 L.Ed.2d 322 (1983) [quoting *United States v. Gonzalez,* 661 F.2d 488, 493–494 (5th Cir.1981) ]; *see also United States v. Tate,* 821 F.2d 1328, 1331 (8th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 712, 98 L.Ed.2d 662 (1988); *United States v. Bernal,* 719 F.2d 1475, 1478 (9th Cir.1983); *United States v. Brooks,* 670 F.2d 625, 628 (5th Cir.1982); E. Imwinkelried, *Uncharged Misconduct Evidence* § 6:24 (1984). Although not stated in these exact terms, this principle has essentially been recognized in past decisions of this court. *See State v. Biby, supra,* (quoting *State v. Frye,* 245 N.W.2d 878, 883 (N.D. 1976)) ["evidence of other acts or offenses may be admissible when 'the evidence provides a more complete story of the crime by putting it in context of happenings near in time and place.' "]; *State v. Ruble,* 77 N.D. 79, 40 N.W.2d 794, 798–799 (1950) [where testimony that defendant committed another crime than the one for which he was prosecuted did not relate to a disconnected act, but related to a continuous transaction, trial court did not err in admitting the testimony].

One leading treatise observes:

Defendant cannot be found Guilty if he has proved this affirmative defense by the greater weight of the evidence. In that event, you must find the Defendant Not Guilty."

"Rule 404(b) presupposes the existence of *other* crimes, wrongs or acts. Sometimes, however, it is very difficult to draw a line between the crime charged and other wrongful circumstances with which it is inextricably intertwined. It may be quite impossible to prove the case without revealing other crimes. The court cannot 'fragmentize the event under inquiry.' If an understanding of the event in question, or if a description of the immediate circumstances reveals other crimes than those charged, exclusion will lead to a highly artificial situation at the trial making understandable testimony unlikely. In spite of all precautions, some suggestion of the related crime is bound to creep in.

"Some courts apply the term 'res gestae' in this situation, a phrase which has never engendered helpful analysis in any of the areas in which it has been employed. Others find that Rule 404 is not implicated because 'other' crimes are not being introduced. It matters little whether the evidence is viewed as lying beyond the scope of Rule 404, or as satisfying the test of Rule 404(b) since it is being used to enhance the trier's understanding of the event, and not to prove propensity. The underlying rationale of Rule 404—to protect the defendant from undue prejudice—should be kept in mind. Consequently, only as much of related crimes as is necessary to make comprehensible the evidence relating to the charged crime should be admitted...." 2 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 404[10] at pp. 404-77—404-80 (1988) (emphasis in original; footnotes omitted).[4]

Under the circumstances of this case, we do not believe that the challenged items constituted evidence of "other" crimes, wrongs, or acts within the meaning of Rule 404(b). The marijuana butts, smoking devices, and marijuana cigarette were discovered almost contemporaneously during the course of the search of the trailer and during Michlitsch's subsequent arrest and booking. Each item is logically relevant to the crime of possession of marijuana with intent to deliver, as well as the lesser included offense of simple possession of marijuana, of which the jury was also instructed. Moreover, even if this evidence were subject to Rule 404(b), we believe it was admissible to show intent, knowledge, or absence of mistake. We cannot say that the trial court abused its discretion in refusing to exclude this evidence under Rule 404(b).

Accordingly, we reverse and remand for a new trial, with the jury to be appropriately instructed on the affirmative defense if Michlitsch so requests and if the evidence on retrial justifies such an instruction.

ERICKSTAD, C.J., and LEVINE, MESCHKE and VANDE WALLE, JJ., concur.

---

**4.** It has also been observed that:

"Rule 404(b) makes no reference to the doctrine of 'inseparable crimes.' Though the doctrine has sometimes been treated as an 'exception' to the general rule, the most appropriate way to incorporate it under Rule 404(b) is to treat it as beyond the scope of the general rule. This analysis has two strands. First, it can be said that a crime that is so interwoven with the charged crime that it is impossible to prove one without revealing the other is not an 'other' crime, wrong, or act within the meaning of the rule. Second, the general rule does not apply since the purpose of evidencing the other crime is not to prove the defendant's character to show conduct in conformity with his character. From the policy viewpoint, the proof of the interwoven crime involves little additional expenditure of time and the prejudice to the defendant is seldom as great as when an entirely separate episode is shown." 22 Wright & Graham, Federal Practice and Procedure: Evidence § 5239, at pp. 448-449 (1978) (footnotes omitted).