2001 ND 133

**STATE of North Dakota, Petitioner,**

**v.**

**The Honorable Robert W. HOLTE, Judge of the District Court, Northwest Judicial District, and Larry Dvorak, Respondents.**

No. 20010029.

Supreme Court of North Dakota.

July 20, 2001.

---

Rozanna Christine Larson, Assistant State's Attorney, Minot, ND, for petitioner.

Richard B. Thomas, Minot, ND, for respondent Larry Dvorak.

VANDE WALLE, Chief Justice.

[¶ 1] The State petitioned this Court for a supervisory writ directing the trial court to vacate the part of a pretrial order holding it will instruct a jury that "willful" is the culpability requirement in a criminal prosecution under N.D.C.C. § 14–07.1–06 for violating a domestic violence protection order issued under N.D.C.C. § 14–07.1–02. We conclude this is an appropriate case to exercise our supervisory jurisdiction, and we grant the writ.

I

[¶ 2] On May 2, 1997, the Dunn County District Court issued a domestic violence protection order prohibiting Larry H. Dvorak from having any contact with his ex-wife, Irene Howard. The order, which was effective for two years, also prohibited Dvorak from having any contact with the parties' three minor children, except under limited circumstances:

> Larry H. Dvorak may call the Plaintiff's residence for the sole purpose of telephone visitation with the minor children of the parties but only on Wednesday evenings between the hours of 6:00 o'clock P.M. and 7:00 o'clock P.M., Mountain Time, and absolutely at no other time or for any other purpose.

[¶ 3] In March 1998, Dvorak pleaded guilty in Ward County District Court to

violating the protection order. He was subsequently found guilty in Stark County District Court of again violating the protection order. *See State v. Dvorak*, 2000 ND 6, 604 N.W.2d 445. In June 1999, Dvorak was charged with class C felony violation of the protection order in Ward County. The criminal information alleged that in April 1999, Dvorak violated the part of the protection order "restraining him from having any contact with his minor children except by telephone Wednesday evenings from 6:00 p.m. to 7:00 p.m. MST[,] and he called them after 8:00 p.m."

[¶ 4] Before Dvorak's scheduled jury trial, Dvorak requested a jury instruction requiring that, to convict him, the jury must find he "willfully" violated the order. The State argued violation of a domestic violence protection order under N.D.C.C. § 14–07.1–06 is a strict liability offense for which there is no "willful" culpability requirement. Relying on N.D.C.C. § 14–07.1–13(4) and cases from other jurisdictions, the trial court ruled " 'willfulness' is the culpability required for the violation of a domestic violence protection order," and the court would so instruct the jury. The State obtained a continuance and petitioned for a supervisory writ from this Court directing the trial court to vacate that part of its pretrial order.

## II

■ [¶ 5] This Court's authority to issue supervisory writs under N.D. Const. art. VI, § 2, and N.D.C.C. § 27–02–04, is a discretionary authority we exercise on a case-by-case basis, rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases in which there is no adequate alternative remedy. *State v. Haskell*, 2001 ND 14, ¶ 4, 621

N.W.2d 358; *State ex rel. Heitkamp v. Hagerty*, 1998 ND 122, ¶ 6, 580 N.W.2d 139. We generally will not exercise supervisory jurisdiction where the proper remedy is an appeal. *Roe v. Rothe–Seeger*, 2000 ND 63, ¶ 5, 608 N.W.2d 289.

■ [¶ 6] This case is extraordinary because, for all practical purposes, there is little likelihood the issue could or would be raised in a direct appeal following the trial. If Dvorak were found not guilty by the jury, the State could not appeal. *See City of Bismarck v. Uhden*, 513 N.W.2d 373, 379 (N.D.1994); *City of Dickinson v. Kraft*, 472 N.W.2d 441, 443 (N.D.1991); *State v. Bettenhausen*, 460 N.W.2d 394, 395 (N.D.1990); *State v. Flohr*, 259 N.W.2d 293, 296 (N.D.1977). If Dvorak were found guilty by the jury, he obviously would not raise the issue in a direct appeal. Although it might be possible for the State to raise the issue if Dvorak appealed and challenged the sufficiency of the evidence, *see State v. Sabinash*, 1998 ND 32, ¶ 19, 574 N.W.2d 827, that possibility is remote at best. We conclude the State has no adequate alternative remedy, and because the trial court erred, we further conclude this is an appropriate case to exercise our supervisory jurisdiction. *See State ex rel. Jorgenson v. District Court*, 289 N.W.2d 211, 213–16 (N.D.1980).

## III

[¶ 7] Dvorak is charged with violating a domestic violence protection order under N.D.C.C. § 14–07.1–06, which provided at the time: [1]

> Whenever a protection order is granted pursuant to section 14–07.1–02 or 14–07.1–03 and the respondent or person to be restrained has been served a copy of

1. Section 14–07.1–06, N.D.C.C., was amended by the Legislature in 1999 to include language proscribing violation of a foreign protection order. *See* 1999 N.D. Sess. Laws ch. 138, § 2.

the order, a violation of the order is a class A misdemeanor and also constitutes contempt of court. A second or subsequent violation of a protection order is a class C felony subject to the penalties therefor.

[¶ 8] There is no ambiguity in this statute. Section 14–07.1–06, N.D.C.C., does not specify a culpability level. Although N.D.C.C. § 12.1–02–02(2) provides "[i]f a statute or regulation thereunder defining a crime does not specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully," this Court has held N.D.C.C. § 12.1–02–02(2) applies only to Title 12.1, and the willful culpability level will not be read into other chapters unless the Legislature has specifically so stated. *See, e.g., State v. Glass,* 2000 ND 212, ¶ 17, 620 N.W.2d 146; *State v. Eldred,* 1997 ND 112, ¶ 31, 564 N.W.2d 283.

[¶ 9] Section 14–07.1–13(4), N.D.C.C., contains a "willful" culpability requirement for violating a court order issued under that section, and N.D.C.C. § 14–07.1–01(7) dictates that "willfully" means the same as the term is defined in N.D.C.C. § 12.1–02–02. But N.D.C.C. § 14–07.1–13 allows a court, in cases where there is no outstanding protection order prohibiting contact, to issue a temporary order prohibiting a person charged with or arrested for a crime involving domestic violence who is released from custody before trial from contacting the victim. Section 14–07.1–06, N.D.C.C., proscribing violation of an outstanding protection order, is a distinct crime. The legislative history behind these statutes sheds no light on the Legislature's reasons for requiring culpability under N.D.C.C. § 14–07.1–13, and not requiring culpability under N.D.C.C. § 14–07.1–06, but plausible reasons can be conceived for differentiating between the two crimes. The trial

court's reliance on the cases from other jurisdictions is unpersuasive because they are based on statutory provisions that differ from N.D.C.C. § 14–07.1–06.

[¶ 10] The Legislature has the authority to enact strict liability offenses which require no intent, *see City of Dickinson v. Gresz,* 450 N.W.2d 216, 220 (N.D. 1989), and strict liability statutes in criminal law do not invariably violate constitutional requirements. *See State v. Vogel,* 467 N.W.2d 86, 90 (N.D.1991); *State v. Olson,* 356 N.W.2d 110, 112 (N.D.1984). Because N.D.C.C. § 14–07.1–06 does not specify a culpability requirement, we conclude it is a strict liability offense for which no proof of intent is required. The trial court erred in ruling the State has to prove Dvorak "willfully" violated the protection order and in proposing to so instruct the jury.

## IV

[¶ 11] Strict liability offenses have a "generally disfavored status." *State v. Carpenter,* 301 N.W.2d 106, 111 (N.D. 1980). A statute establishing a strict liability offense does not always preclude affirmative defenses. *Eldred,* at ¶ 30. This Court has permitted affirmative defenses to strict liability offenses when public policy factors support the defense. *See State v. Rasmussen,* 524 N.W.2d 843, 845 (N.D. 1994); *see also Olson,* at 113. We also have permitted an affirmative defense to a strict liability offense as "a logical accommodation which recognizes the reasons for both the legislative designation of the crimes as strict liability offenses and the constitutional interests of the accused." *State v. Michlitsch,* 438 N.W.2d 175, 178 (N.D.1989).

[¶ 12] In *Michlitsch,* at 178, we recognized there may be some difficulty sustaining the constitutionality of the then strict-liability-offense of possession of a con-

trolled substance, often punishable as a felony, against a challenge by a person who possessed the controlled substance unwittingly. Choosing a construction of the statute that would not be of questionable constitutionality, we held:

> [I]t is an affirmative defense to a charge of possession of a controlled substance or possession with intent to deliver that the defendant unwittingly or unknowingly possessed the controlled substance. The defendant has the burden of proving this affirmative defense by a preponderance of the evidence. Section 12.1–01–03(3), N.D.C.C.; *see also State v. Rehling*, 426 N.W.2d 6, 7 (N.D.1988). Because guilty knowledge is not an essential element of either offense, the State is not required to prove the nonexistence of this defense beyond a reasonable doubt. *Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977); *State v.. Pfister*, 264 N.W.2d 694, 699–700 (N.D.1978).

*Michlitsch*, at 178 (Footnote omitted); *see also State v. Brandner*, 551 N.W.2d 284, 287 (N.D.1996) (holding *Michlitsch* affirmative defense of unwitting and unknowing possession applies to strict liability offense of possessing illegal fish traps).

▮ [¶ 13] It is possible for a person to be convicted of the strict liability offense of violating a domestic violence protection order under N.D.C.C. § 14–07.1–06 based on innocent or mistaken conduct. *See State v. Dvorak*, 2000 ND 6, ¶ 29, 604 N.W.2d 445 (holding appellant could not attack constitutionality of N.D.C.C. § 14–07.1–06 unless he claimed his acts were innocent or mistaken). Such a construction of the statute would make its constitutional validity questionable, and we hold that a *Michlitsch*-type affirmative defense instruction may be given under appropriate circumstances in a prosecution for violation of a domestic violence protection order under N.D.C.C. § 14–07.1–06. As we noted in *Michlitsch*, at 179, the defendant must request the affirmative defense instruction and the instruction may only be given if there is evidence to support it. The defendant has the burden of proving the affirmative defense by a preponderance of the evidence, and the State is not required to prove the nonexistence of the defense beyond a reasonable doubt. *Id.* at 178.

V

[¶ 14] We exercise our supervisory authority and direct the trial court to vacate that part of its pretrial order holding "willful" is the culpability requirement for violating a domestic violence protection order under N.D.C.C. § 14–07.1–06 and approving a jury instruction to that effect.

[¶ 15] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.