2002 ND 43

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Neal W. SCHMIDT, Defendant and Appellant.**

**No. 20010166.**

Supreme Court of North Dakota.

March 12, 2002.

John J. Gosbee of Gosbee Law Office, Mandan, for defendant and appellant.

Allen Koppy, State's Attorney, Morton County Courthouse, Mandan, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Neal W. Schmidt appeals from the trial court's judgment of conviction for driving without liability insurance entered under a Rule 11(a)(2), N.D.R.Crim.P., conditional plea of guilty. Because the trial court did not err in denying Schmidt's motion in limine on the requested jury instruction based on an innocent mistake of fact defense, we affirm.

[¶ 2] On September 5, 2000, Neal W. Schmidt was involved in an automobile accident. At the time of the accident, Schmidt did not have liability insurance for his vehicle. Schmidt was subsequently charged with driving without liability insurance, in violation of N.D.C.C. § 39–08–20. Before trial, Schmidt requested a jury instruction on an innocent mistake of fact defense. Schmidt moved for an order in limine to allow him to present the jury with an affirmative defense of innocent mistake. The court denied the motion in limine and the requested jury instruction, reasoning that an innocent mistake of fact defense is not available because driving without liability insurance is a strict liability offense. Schmidt appeals from the trial court's judgment of conviction for driving without liability insurance entered under a Rule 11(a)(2) conditional plea of guilty.

[¶ 3] On appeal, Schmidt argues the trial court erred in not allowing him to present an innocent mistake of fact defense to the strict liability offense of driving without liability insurance. Schmidt contends an innocent mistake of fact can be raised as an affirmative defense to the strict liability offense of driving without liability insurance. Because Schmidt failed to present evidence necessary to support his motion, we do not decide whether an affirmative defense of innocent mistake of fact may be asserted against a charge of driving without liability insurance.

[¶ 4] A defendant is entitled to a jury instruction on a legal defense if there exists evidence to support it. *State v. Hafner*, 1998 ND 220, ¶ 24, 587 N.W.2d 177. The defendant has the burden to prove the existence of an affirmative defense by a preponderance of the evidence. N.D.C.C. § 12.1–01–03; *State v. Michlitsch*, 438 N.W.2d 175, 178 (N.D.1989). The State is not required to prove the nonexistence of an affirmative defense beyond a reasonable doubt. N.D.C.C. § 12.1–01–03; *Michlitsch*, 438 N.W.2d at 178. The defendant must request the affirmative defense instruction, and the instruction may only be given if there is sufficient evidence to support it. *State v. Holte*, 2001 ND 133, ¶ 13, 631 N.W.2d 595.

[¶ 5] Here, Schmidt requested in limine an affirmative defense jury instruction. Schmidt failed to make a sufficient offer of proof to support an affirmative

defense based on an innocent mistake of fact. The only proof Schmidt offered was in his motion brief when he stated he was aware the renewal date was near and possibly past, and he planned on stopping at his insurance agent's office on the afternoon of the crash, September 5, to pay the premium. At his initial arraignment, Schmidt stated he was aware his insurance policy expired on September 3, 2000. At the motion hearing, Schmidt's attorney made the following statement: "This basically is a variation on, you know, how quickly somebody pays a bill. Some insurance companies, if they get a check late will accept it and let the policy continue, backdating it to the lapse date, and other companies won't."

[¶ 6] Schmidt's offer of proof does not indicate a mistake of fact. If Schmidt's actions were a mistake, they were a mistake of judgment. The record indicates Schmidt continued to drive knowing his insurance premium's renewal date was past. At best, these actions would indicate negligence on Schmidt's part. A mistake of fact defense can never be premised on negligence by the party attempting to raise the defense. See State v. Nygaard, 447 N.W.2d 267, 272 (N.D.1989) (finding a negligent belief is not an excuse to a strict liability defense); see also City of Bismarck v. Lembke, 540 N.W.2d 155, 158 (N.D.1995) (finding an unreasonably held belief precludes the affirmative defense of excuse for a strict liability offense).

[¶ 7] Absent an offer of proof by Schmidt to support his claimed affirmative defense of innocent mistake of fact, the trial court did not err in denying Schmidt's motion in limine on the requested jury instruction. Because Schmidt failed to preserve the issue by presenting evidence to support his motion, we need not decide whether an affirmative defense of innocent mistake of fact may be asserted against a charge of driving without liability insurance. We affirm.

[¶ 8] VANDE WALLE, C.J., MARING, KAPSNER, and SANDSTROM, JJ.