# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 72

City of Bismarck,                                             Plaintiff and Appellee

v.

Richard Levoy Goodwin II,                           Defendant and Appellant

## No. 20210210

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Julie E. Mees, Assistant City Attorney, Bismarck, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1] Richard Levoy Goodwin, II appeals from a corrected criminal judgment entered after he conditionally pleaded guilty to actual physical control of a motor vehicle while under the influence—refusal. Goodwin argues the district court erred in rejecting his proposed jury instructions. We affirm.

I

[¶2] In September 2020, Goodwin was cited for actual physical control of a motor vehicle while under the influence—refusal. Goodwin filed proposed jury instructions prior to the scheduled trial. The proposed instructions included variations of the essential elements of the crime, an instruction indicating whether Goodwin refused the chemical test was a question of fact for the jury, and instructions on defenses related to confusion and mistake.

[¶3] At a June 2021 change of plea hearing, Goodwin's attorney stated he was "trying to craft some jury instructions that the Supreme Court might say are acceptable for the refusal statute." He further stated:

> "[COUNSEL]: Because what's very frustrating, Your Honor, is right now, in theory, if you go with the jury instructions, you could be convicted of refusal without any mention of liquor even being consumed by the individual and that—that's kind of scary to me; so.
>
> Anyway, I'm trying to see if we can get something changed. So I crafted the jury instructions, you know, so that hopefully maybe the Supreme Court might say something. I hope the Court got a chance to look at the second set I sent which—of proposing alternatives?
>
> THE COURT: (Nods.)
>
> [COUNSEL]: Okay. I just wanted to make sure on that because I guess I want the Supreme Court to tell us if any of those are fair for somebody. So I guess if we could just make a record, Your Honor,

of the fact that the Court has denied all the requested jury instructions, including the—including the last set, which was different options for the elements of the offense. I guess that was the first thing I wanted to do."

[¶4] The district court denied Goodwin's requested instructions, accepted Goodwin's conditional guilty plea, and entered judgment.

II

[¶5] Goodwin argues the district court erred in refusing to instruct the jury on issues he raised and requested. We must first address whether Goodwin's conditional plea allows review of jury instructions.

[¶6] With consent of the prosecuting attorney and the district court, a defendant may enter a conditional plea of guilty, reserving the right to have this Court review "an adverse determination of a specified pretrial motion." N.D.R.Crim.P. 11(a)(2). The scope of Rule 11 is informed by Rule 12, allowing a party to raise any defense, objection, or other request a district court can determine without trial on the merits. N.D.R.Crim.P. 12(b)(1).

[¶7] Reviewing the district court's decision to reject the defendant's proposed jury instructions "would be an advisory opinion where the defendant entered a conditional guilty plea." *State v. Sackenrueter*, 2020 ND 265, ¶¶ 4, 7, 952 N.W.2d 82 (citing *State v. Hammer*, 2010 ND 152, ¶ 32, 787 N.W.2d 716). In *Sackenrueter*, the defendant argued the district court erred in denying his requested jury instructions after he entered a conditional plea of guilty. *Id.* at ¶¶ 4, 6. We declined to address the defendant's argument because no jury instructions were ever given. *Id.* at ¶ 7.

[¶8] Goodwin claims *State v. Kleppe*, 2011 ND 141, 800 N.W.2d 311, *State v. Schmidt*, 2002 ND 43, 640 N.W.2d 702, *State v. Trevino*, 2011 ND 232, 807 N.W.2d 211, and *City of Fargo v. Nikle*, 2019 ND 79, 924 N.W.2d 388, support this Court's review of his proposed jury instructions. We disagree.

[¶9] *Kleppe* involved consolidated appeals from criminal judgments entered on conditional guilty pleas to unlawful hunting practices. 2011 ND 141, ¶ 1.

2

The State filed a motion in limine in each case to exclude evidence on certain defenses. *Id.* at ¶ 3. In deciding the motions, the district court also denied proposed jury instructions from the defendants. *Id.* at ¶¶ 4-5. Both defendants entered conditional pleas of guilty. *Id.* On appeal, the defendants argued the district court erred in granting the motion in limine and refusing to give their requested jury instructions. *Id.* at ¶¶ 7, 11. This Court's analysis of the jury instructions overlapped with review of the State's motion in limine because the instructions pertained to defenses available to the defendants. *Id.* at ¶ 11. Because the motion in limine was reviewable under N.D.R.Crim.P. 11(a)(2), the assessment of overlapping jury instructions was not advisory.

[¶10] Likewise, *Schmidt* and *Trevino* involved motions in limine with overlapping jury instructions. In *Schmidt*, the defendant moved for an order to allow him to present the jury with an affirmative defense of innocent mistake and requested a jury instruction on innocent mistake of fact. 2002 ND 43, ¶ 2. The district court denied the motion and the requested jury instruction, and the defendant entered a conditional guilty plea and appealed. *Id.* In *Trevino*, the State filed a motion in limine seeking to prevent the defendant from introducing evidence on his mental state at the time of the crime. 2011 ND 232, ¶ 3. The defendant filed a response regarding culpability along with proposed jury instructions containing a definition of "recklessly" and addressing a defense of lack of criminal responsibility. *Id.* The district court found the defendant was charged with a strict liability crime and was precluded from raising the defense. *Id.* at ¶ 4. The defendant then entered a conditional guilty plea and appealed. *Id.*

[¶11] In *Nikle*, the defendant requested a jury instruction on an affirmative defense. 2019 ND 79, ¶ 3. The district court denied the request. *Id.* The defendant conditionally waived his right to a jury trial and agreed to a bench trial. *Id.* The defendant was found guilty. *Id.* at ¶ 5. This Court analyzed whether the defendant met his burden in raising an affirmative defense. *Id.* at ¶ 10. Because the case went to trial and the appeal focused on the defendant's burden to raise a defense, we do not find it helpful to our analysis.

[¶12]  Here, Goodwin's sole argument is that the district court erred in denying his requested jury instructions. Goodwin made it clear he wanted this Court to advise whether certain instructions were acceptable and asked the district court to deny his instructions on the record to prompt appellate review. Because there is no adverse determination of a pretrial motion for this Court to consider, we decline to address Goodwin's arguments.

### III

[¶13]  The criminal judgment is affirmed.

[¶14]  Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

4