2017 ND 154

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Darrell Frank FROELICH, Defendant and Appellant**

**No. 20160349**

Supreme Court of North Dakota.

Filed 6/29/2017

Derek K. Steiner (on brief), Assistant State's Attorney, Burleigh County State's Attorney's Office, Bismarck, ND, for plaintiff and appellee.

Thomas J. Glass (on brief), Bismarck, ND, for defendant and appellant.

Kapsner, Justice.

[¶ 1] Darrel Froelich appeals from a criminal judgment entered after a jury found him guilty of simple assault domestic violence. We affirm the criminal judgment.

I

[¶ 2] On February 10, 2016, Froelich was charged with simple assault domestic violence in violation of N.D.C.C. § 12.1–17–01(1). The State alleged Froelich assaulted his girlfriend's son-in-law, a household member. The case proceeded to trial. At trial, the State called the alleged victim, the alleged victim's wife, the responding officer, and a 911 operator to testify. According to the victim's wife, Froelich had been drinking throughout the day and began acting angry and shouting in the home. The victim testified Froelich became aggressive and punched a door as the victim's wife left the home with the victim's child. The victim testified Froelich came at him and caused scratches and redness on his face. The victim testified he raised his arms defensively, but never struck Froelich.

[¶ 3] The State planned to call Froelich's former girlfriend, who made the 911 call, but she did not appear on the day of trial. The State sought to introduce a recording of the 911 call, and Froelich objected because the caller was not in court to testify. After some discussion, the district court permitted the State to play a recording of the 911 call after using the 911 operator to lay foundation for the recording. The State played only a portion of the 911 call for the jury. In a discussion outside the jury's presence, the State noted it stopped the recording early so the jury would not hear the entire call. The State explained, "the 911 caller[ ] does allude to previous acts of Mr. Froelich beating her at that point and she makes further comments which we

believe may prejudice the defendant in this matter. . . ." Froelich presented his case after the State rested. Froelich testified and gave a conflicting account of events. Froelich testified the victim had been the aggressor, and the confrontation lasted only ten seconds before the victim left the home.

[¶ 4] The jury found Froelich guilty of simple assault domestic violence. The district court entered a judgment of conviction on September 16, 2016. Froelich filed a notice of appeal on October 12, 2016.

## II

[¶ 5] On appeal, Froelich argues the admission of a portion of the 911 call violated his Sixth Amendment right to confront witnesses. The State argues admission of the 911 call did not violate Froelich's constitutional rights because the statements were not testimonial. The State asserts that if this Court concludes admission of the call violated Froelich's rights under the Confrontation Clause of the Sixth Amendment, it amounted to harmless error.

[¶ 6] The Confrontation Clause of the Sixth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "Our standard of review for a claimed violation of a constitutional right, including the right to confront an accuser, is de novo." *State v. Blue*, 2006 ND 134, ¶ 6, 717 N.W.2d 558.

[¶ 7] Although caselaw had previously focused on the reliability of statements made by the unavailable declarant, the right to confront witnesses guaranteed under the Sixth Amendment was redefined in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

*Blue*, 2006 ND 134, ¶ 7, 717 N.W.2d 558. "Under *Crawford*, the admission of out-of-court testimonial statements in criminal cases is precluded, unless the witness is unavailable to testify and the accused has had an opportunity to cross-examine the declarant." *Id.* at ¶ 8 (citing *Crawford*, 541 U.S. at 59, 124 S.Ct. 1354). Under N.D.R.Ev. 804(a)(5), a declarant can be considered unavailable as a witness if the declarant is "absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure" his or her attendance at trial. The record indicates the State intended to call the declarant, but she simply refused to testify. The State did not attempt to qualify the declarant as "unavailable" under the North Dakota Rules of Evidence at trial. The record also indicates Froelich did not have an opportunity to cross-examine the declarant. Thus, the central inquiry is whether the portion of the 911 call played for the jury was testimonial.

[¶ 8] This Court discussed what the United States Supreme Court had outlined as testimonial in *Crawford*:

The Supreme Court described three "formulations" of the "core class of 'testimonial' statements." [*Crawford*, 541 U.S. at 51], 124 S.Ct. 1354. First, the Court described a class consisting of "ex parte in-court testimony or its functional equivalent," which includes such things as "affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorily." *Id.* The second class of testimonial statements consists of out-of-court statements "contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions." *Id.* at 52, 124 S.Ct. 1354. The final class

described by the Supreme Court is comprised of testimonial statements "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* *Blue*, 2006 ND 134, ¶ 9, 717 N.W.2d 558. The United States Supreme Court gave several examples of testimonial statements including: "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Crawford*, 541 U.S. at 68, 124 S.Ct. 1354. "In the absence of police interrogation or in court testimony, defining exactly what is 'testimonial' has caused other courts to struggle with a precise definition, producing, as one court described it, a 'miasma of uncertainty.'" *Blue*, at ¶ 10 (quoting *United States v. Brito*, 427 F.3d 53, 55 (1st Cir. 2005)).

[¶ 9] In *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), the United States Supreme Court gave further guidance on the distinction between testimonial and nontestimonial statements:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

In *Davis*, a victim of domestic violence called 911 and identified her attacker during the call. *Id.* at 817–18, 126 S.Ct. 2266. The Supreme Court considered "whether the Confrontation Clause applies only to testimonial hearsay; and, if so, whether the recording of a 911 call qualifies." *Id.* at 823, 126 S.Ct. 2266. The Supreme Court held the call was not testimonial because the caller was speaking about events as they were happening and the statements were made while facing an "ongoing emergency." *Id.* at 827, 126 S.Ct. 2266. The Supreme Court noted a 911 call "is ordinarily not designed primarily to 'establis[h] or prov[e]' some past fact, but to describe current circumstances requiring police assistance." *Id.* The Supreme Court concluded the victim's statements in the 911 call in *Davis* were not testimonial, and therefore, their introduction did not violate the Confrontation Clause. *Id.* at 828, 126 S.Ct. 2266.

[¶ 10] This case presents a situation analogous to *Davis*. As in *Davis*, the declarant's statements were made during a 911 call in order to meet an ongoing emergency. The transcript indicates only a portion of the 911 call was played for the jury, and the recording was stopped before it played parts containing statements that may be characterized as testimonial because they relate to past acts and not the ongoing emergency. Outside the presence of the jury, the State indicated the 911 call recording played for the jury was stopped before the caller made statements about "previous acts of Mr. Froelich beating her ... and ... further comments which [the State] believe[s] may prejudice the defendant in this matter...." At trial, the victim testified he had his mother-in-law step into the bathroom because Froelich was getting increasingly aggressive. The victim testified he "had [the mother-in-law] step into the bathroom and ... lock herself with the door." The victim testified at that point, "[s]he was on the phone with the 911 operator...." A review of the recording confirms the declarant made the 911 call while the confrontation was happening and provided information to "describe current

circumstances requiring police assistance." *Davis*, 547 U.S. at 827, 126 S.Ct. 2266. The primary purpose of statements played for the jury in this case was to help law enforcement meet an ongoing emergency and not "to establish or prove past events potentially relevant to later criminal prosecution." *Id.* at 822, 126 S.Ct. 2266. The declarant provided relevant information to the 911 dispatcher to enable law enforcement to respond to the situation. The trial transcript indicates the potentially testimonial statements relating to past events were not played for the jury. As a result, admission of the portion of the 911 call played for the jury did not violate Froelich's rights under the Confrontation Clause of the Sixth Amendment because the statements were not testimonial.

### III

[¶ 11] Because we conclude the statements contained in the portion of the 911 call played for the jury were not testimonial, admission of the statements did not violate Froelich's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. We affirm the criminal judgment.

[¶ 12] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.