# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2020 ND 188

City of West Fargo,                                                    Petitioner

      v.

The Honorable Thomas R. Olson,
Judge of District Court,
East Central Judicial District, and
Brady Duane Johnson,                                                 Respondents

### No. 20200183

Petition for Writ of Supervision.

SUPERVISORY WRIT GRANTED.

Opinion of the Court by Jensen, Chief Justice.

Elle Molbert (argued) and Stephen R. Hanson (on brief), Assistant City Prosecutors, West Fargo, ND, for petitioner.

Mark A. Friese (argued) and Drew J. Hushka (appeared), Fargo, ND, for respondent Brady Duane Johnson.

**Jensen, Chief Justice.**

[¶1]   The City of West Fargo (the "City") petitions this Court for a supervisory writ directing the district court to vacate a pretrial order requiring the City to produce at trial the individual (or the "Witness") who initially inspected and reviewed the installation of the Intoxilyzer 8000 testing device used to administer a chemical breath test to Brady Johnson. We exercise our supervisory jurisdiction and vacate the district court order, concluding the Witness did not make any testimonial statements under the Confrontation Clause or Rule 707 of the North Dakota Rules of Evidence requiring the City to produce her at trial.

I

[¶2]   The City charged Johnson with driving under the influence following a chemical breath test adminstered by law enforcement using an Intoxilyzer 8000 testing device. Johnson objected to the introduction of the analytical report at trial, arguing cross-examination of the Witness is required under the Confrontation Clause and Rule 707 of the North Dakota Rules of Evidence. According to the City and Johnson, the Witness initially inspected and reviewed the installation of the Intoxilyzer 8000 testing device which was used to administer Johnson's breath test. She signed two documents entitled, "Intoxilyzer 8000 Initial Inspection" and "Intoxilyzer 8000 Installation and Repair Checkout." The City responded to Johnson's objection, arguing the documents signed by the Witness are not testimonial statements under the Confrontation Clause or Rule 707 as to require the City to produce the Witness for trial. The district court ordered the City to produce the Witness at trial. The City petitions this Court for a supervisory writ directing the district court to vacate its order.

II

[¶3]   Under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, we may review a district court decision by exercising our supervisory authority. *State ex rel.*

1

*Roseland v. Herauf*, 2012 ND 151, ¶ 3, 819 N.W.2d 546. We exercise our authority to issue supervisory writs rarely and cautiously on a case-by-case basis and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists. *Id.* Our authority to issue a supervisory writ is discretionary. *State ex rel. Madden v. Rustad*, 2012 ND 242, ¶ 5, 823 N.W.2d 767. We generally will not exercise our supervisory jurisdiction if the proper remedy is an appeal. *Id.*

[¶4] The City's ability to appeal is limited. *See* N.D.C.C. § 29-28-07. If Johnson were found not guilty by a jury, the City could not appeal. *See State v. Bernsdorf*, 2010 ND 123, ¶ 5, 784 N.W.2d 126; *State v. Deutscher*, 2009 ND 98, ¶ 7, 766 N.W.2d 442; *City of Bismarck v. Uhden*, 513 N.W.2d 373, 379 (N.D. 1994). If Johnson were found guilty by a jury, he would not likely raise the issue on appeal and the possibility that the City could raise it is remote. *See State v. Holte*, 2001 ND 133, ¶ 6, 631 N.W.2d 595; *State v. Sabinash*, 1998 ND 32, ¶ 19, 574 N.W.2d 827. Further, the Court has been advised by the parties that the issue of whether the government is required to produce the Witness at trial has been raised in multiple cases and one that will likely be raised again in the district courts.

[¶5] In *Herauf*, 2012 ND 151, ¶¶ 4-5, we were asked to review whether the State was required to produce at trial the nurse who drew the defendant's blood in a DUI case. In *Rustad*, 2012 ND 242, ¶¶ 6-7, we were asked to review whether the State was required to produce the director of the State Crime Laboratory in a DUI case. We exercised our supervisory jurisdiction in both instances because the State lacked another adequate remedy. Because the City lacks another adequate remedy, we conclude this is an appropriate case to exercise our supervisory jurisdiction.

III

[¶6] The City argues it is not required to produce the Witness at trial under the Confrontation Clause and Rule 707 of the North Dakota Rules of Evidence because the Witness' statements are non-testimonial.

[¶7]  The Confrontation Clause provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.

> The United States Supreme Court held this amendment prohibits the admission of testimonial hearsay against the accused, unless the witness is unavailable to testify and the accused previously had an opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The confrontation clause does not apply to non-testimonial hearsay. *Id. See also Davis* [*v. Washington*, 547 U.S. 813, 821 (2006)] (only testimonial statements cause the declarant to be a "witness" within the meaning of the Sixth Amendment).

*State v. Duncan*, 2011 ND 85, ¶ 13, 796 N.W.2d 672. The United States Supreme Court has outlined what qualifies as testimonial:

> *[E]x parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009) (quoting *Crawford*, 541 U.S. at 51-52).

[¶8]  In *Melendez-Diaz*, the United States Supreme Court noted the limitations of the Confrontation Clause:

> [W]e do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case. While . . . [i]t is the obligation of the prosecution to establish the chain of custody,

3

. . . this does not mean that everyone who laid hands on the evidence must be called.

557 U.S. at 311 n. 1; *see also Herauf*, 2012 ND 151, ¶ 9.

[¶9] Rule 707 of the North Dakota Rules of Evidence was adopted "to address confrontation issues involving the admissibility of analytical reports in North Dakota courts in response to *Melendez-Diaz*." *Rustad*, 2012 ND 242, ¶ 13. Rule 707 provides, in pertinent part:

> **(a) Notification to Defendant.** If the prosecution intends to introduce an analytical report issued under N.D.C.C. chs. 19-03.1, 19-03.2, 19-03.4, 20.1-13.1, 20.1-15, 39-06.2, or <u>39-20</u> in a criminal trial, it must notify the defendant or the defendant's attorney in writing of its intent to introduce the report and must also serve a copy of the report on the defendant or the defendant's attorney at least 60 days before the date set for the trial.
>
> **(b) Objection.** At least 45 days before the date set for the trial, the defendant may object in writing to the introduction of the report and identify by name or job title a person who made a <u>testimonial statement</u> in the report to be produced to testify about the report at trial. If objection is made, the prosecutor must produce the person requested. If the witness is not available to testify, the court must grant a continuance.

N.D.R.Ev. 707(a)-(b) (emphasis added).

[¶10] "Rule 707, N.D.R.Ev., must be interpreted in light of N.D.C.C. § 39-20-07, which governs the admission of analytical reports into evidence, because the rule and the statute are interconnected regarding analytical reports, as demonstrated by the language of the rule." *Herauf*, 2012 ND 151, ¶ 11. "Section 39-20-07, N.D.C.C., governs the admission of a chemical test result and allows the use of certified documents to establish the evidentiary foundation for the result." *State v. Blaskowski*, 2019 ND 192, ¶ 5, 931 N.W.2d 226. The results of a chemical breath test must be received into evidence when it is shown: (1) the sample was properly obtained; (2) the test was fairly administered; (3) the test was performed according to methods and devices approved by the director of the state crime laboratory or the director's designee; and (4) the test was

4

performed by an authorized individual or by one certified by the director of the state crime laboratory or the director's designee as qualified to perform it. N.D.C.C. § 39-20-07(5); *see also Ell v. Dir., N.D. Dep't of Transp.*, 2016 ND 164, ¶ 18, 883 N.W.2d 464.

[¶11] In *Herauf*, the defendant was arrested for driving under the influence and submitted to a blood draw. 2012 ND 151, ¶ 2. The nurse conducting the blood draw provided a signed statement that the blood sample was properly drawn. *Id.* at ¶ 14. The defendant sent the State a subpoena to serve on the nurse, and the State opposed the request. *Id.* at ¶ 2. The district court concluded the State was required to produce the nurse at trial. *Id.* The majority of this Court held that the "signed statement contemplated under N.D.C.C. § 39-20-07(10) is a testimonial statement." *Herauf*, at ¶ 15. Subsection 10, since revised, provided, "A signed statement from the individual medically qualified to draw the blood sample for testing as set forth in subsection 5 is prima facie evidence that the blood sample was properly drawn and no further foundation for the admission of this evidence may be required." N.D.C.C. § 39-20-07(10) (2012). The majority noted, "The signed statement is akin to an affidavit, which is testimonial . . . because it is a 'solemn declaration or affirmation made for the purpose of establishing or proving' that the blood sample was properly obtained." *Herauf*, at ¶ 14. Because the statement was testimonial, the Court held that the State was required to produce the nurse at trial. *Id.* at ¶ 15.

[¶12] In *State v. Lutz*, we held the State was not required to produce the analyst who prepared the volatiles solution used in a chemical blood test. 2012 ND 156, ¶ 14, 820 N.W.2d 111. We concluded that the analyst's "expected testimony falls squarely within footnote one of *Melendez-Diaz*," which relates to the chain of custody or the accuracy of the testing procedure. *Id.* at ¶ 8. We noted that the analyst prepared the volatiles solution three months before the defendant was charged with driving under the influence, concluding "[t]here is nothing in the record to suggest that the solution or the statement were prepared under circumstances that would lead [the analyst] or an objective witness to reasonably believe the solution or statement would be used for prosecutorial purposes at a later trial . . . ." *Id.* at ¶ 8.

[¶13] In *Rustad*, we held the State was not required to produce the director of the State Crime Laboratory at trial, concluding the director's certification of the analytical report was not a testimonial statement, and the record did not establish the director conducted or otherwise participated in the blood analysis. 2012 ND 242, ¶¶ 17, 19. We explained, "The State need not produce designated persons for confrontation purposes if those persons do not make testimonial statements in analytical reports." *Id.* at ¶ 19.

[¶14] The City asserts the signed statements from the Witness are non-testimonial for purposes of the Confrontation Clause. We agree. The Witness conducted the initial inspection of the Intoxilyzer 8000 in November 2018, as evidenced in the "Intoxilyzer 8000 Initial Inspection" report, which was approximately ten months before Johnson was charged with DUI. The Witness reviewed the "Intoxilyzer 8000 Installation and Repair Checkout" in December 2018, approximately nine months prior to Johnson being charged. The record does not support a conclusion that she signed these reports in anticipation of their use at a trial.

[¶15] In *Herauf*, the nurse drew the blood sample and provided a signed statement that the sample was properly drawn to satisfy the requirements of N.D.C.C. § 39-20-07(10) (2012). Here, the Witness did not conduct Johnson's chemical breath test or otherwise participate in its analysis. Further, N.D.C.C. § 39-20-07(10) (2012) has since been revised since our holding in *Herauf*. There is no statutory language like the language that was in N.D.C.C. § 39-20-07(10) (2012), which would require the individual who initially inspected or reviewed the installation of the Intoxilyzer 8000 to make testimonial statements in the prima facie evidence established under the evidentiary shortcuts in N.D.C.C. § 39-20-07. Nothing in the Witness' expected testimony would prove the substance of the results of the analytical report of the chemical breath test, or that the breath test was properly administered. Thus, we distinguish *Herauf* from this case on the facts and the law. As with the volatiles solution analyst's expected testimony in *Lutz*, the Witness' statements are more appropriately categorized as foundational, concerning "chain of custody, authenticity of the sample, or accuracy of the testing device," as opposed to testimonial. Because

the Witness' statements are non-testimonial for purposes of the Confrontation Clause and Rule 707, the City is not required to produce the Witness at trial.

IV

[¶16] We exercise our supervisory jurisdiction and direct the district court to vacate its order.

[¶17] Jon J. Jensen, C.J.
Daniel J. Crothers
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte