# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 25

State of North Dakota,                                        Plaintiff and Appellee

v.

Joshua Paul Bowen,                                        Defendant and Appellant

## No. 20220165

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., for plaintiff and appellee.

Adam Justinger, Fargo, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Joshua Bowen appeals from a criminal judgment entered after a jury found him guilty of driving under the influence of alcohol. We affirm, concluding the district court did not err in finding Bowen failed to make a clear and unambiguous request for an independent chemical test and in admitting the chemical breath test results without requiring the State to produce the state toxicologist at trial.

I

[¶2]   Bowen was arrested and charged with driving under the influence of alcohol. He moved to suppress evidence of the chemical breath test administered by law enforcement, alleging he had requested an independent blood test and law enforcement denied him a reasonable opportunity to secure the test. After an evidentiary hearing, the district court denied the motion, finding Bowen failed to make a clear and unambiguous request for an independent test.

[¶3]   At the pretrial conference, Bowen made a motion in limine, objecting to the chemical breath test results being admitted without testimony from the state toxicologist or his designee. The district court denied the motion. At trial, the jury found Bowen guilty of DUI. The court entered judgment.

II

[¶4]   Bowen argues the district court erred in denying his motion to suppress and finding he did not clearly and unambiguously request an independent chemical test. Our review of a district court's order on a motion to suppress is well-established:

> This Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the

district court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*City of West Fargo v. Williams*, 2019 ND 161, ¶ 5, 930 N.W.2d 102.

[¶5] Under N.D.C.C. § 39-20-02, an arrestee, at his own expense, may have a medically qualified individual of his choosing administer a chemical test in addition to any chemical test administered at the direction of a law enforcement officer. While the "failure or inability to obtain an additional test by an [arrestee] does not preclude the admission of the test or tests taken at the direction of a law enforcement officer," *id.*, the "results of chemical tests administered at law enforcement direction may be suppressed, or charges may be dismissed, where an arrestee is denied the right to an independent chemical test," *Lange v. N.D. Dep't of Transp.*, 2010 ND 201, ¶ 6, 790 N.W.2d 28. Thus, "[c]hemical test results for intoxication will not be excluded where an arrestee makes no effort to obtain an additional independent test or some independent factor prevents test results from being obtained." *Lange*, at ¶ 6. The arrestee has the responsibility of asserting the right to an independent test, and "the arrestee's request for an independent test must be clear and unambiguous." *Id.* at ¶ 7. "Whether an arrestee has made a reasonable request for an independent test, and whether law enforcement has denied the arrestee's opportunity to obtain an independent test, depends upon the totality of the circumstances." *Id.*

[¶6] Bowen asserts that he clearly and unambiguously requested an independent blood test at the law enforcement center following his arrest for DUI. Specifically, he declared that while at the law enforcement center, he "spoke with a female corrections officer" and that he "clearly and unambiguously requested [his] own blood test." He declared that after making his request, he "was not provided with a phone or phonebook to make arrangements for [the] blood test," or taken to a hospital or testing facility. Bowen did not testify at the suppression hearing, but the court received his declaration into evidence without objection from the State.

[¶7]   The arresting officer, Trooper Charles Kelly, testified at the suppression hearing. He testified that he did not hear Bowen make a request for an independent test and that Bowen did not request a phone or phonebook from him. He further testified that after Bowen filed his declaration, he spoke with the jail staff, who told him there was only one female correctional officer working at the time that he brought Bowen into the law enforcement center, Miley McDowell. Trooper Kelly testified both that McDowell did not recall Bowen requesting an independent test and that McDowell stated Bowen did not request a test, "otherwise, she would have informed me or another law enforcement officer." Trooper Kelly testified that his report stated that McDowell did not recall Bowen requesting his own test or having a conversation with Bowen and that she would have notified him if Bowen had requested a test.

[¶8]   McDowell testified that she did not recall "anything out of the ordinary dealing with [Bowen]." She testified that she did not recall Bowen requesting an independent test. When asked about Trooper Kelly's whereabouts after administering the chemical breath test, McDowell testified that she did not recall this incident. However, when asked how she handles requests for independent tests, McDowell testified that it only happened once in her eight years as a correctional officer and that she informed the arresting officer, who then transported the arrestee for an independent test. She testified that she has not had any training specific to this situation, but believed her past behavior of contacting the arresting officer was "what [she] was supposed to do." McDowell testified that if Bowen would have requested an independent test, she would have notified Trooper Kelly.

[¶9]   The district court found McDowell's testimony to be credible and concluded that Bowen failed to make a clear and unambiguous request for an independent test. Bowen argues that his declaration shows he made a request for an independent test to McDowell and that her lack of recollection does not contradict his declaration. The State argues that McDowell's absence of recollection of this rare request for an independent test is evidence that no such event occurred. The State asserts that McDowell has a "uniform response to a

DUI arrestee's request for an independent blood test: convey the request to a law enforcement officer."

[¶10] Bowen's declaration provides a bare assertion that he "clearly and unambiguously requested [his] own blood test," parroting the standard without further factual context. *See Lange*, 2010 ND 201, ¶ 7 (stating that a request for an independent test must be "clear and unambiguous"). McDowell testified that she did not recall a request for an independent test and that if such a request had been made, she would have notified the arresting officer as she had done in the past. There is no evidence that McDowell notified Trooper Kelly of any such request, nor does Bowen argue otherwise. Thus, a reasonable inference from McDowell's testimony that she would have contacted Trooper Kelly if Bowen had requested an independent test is that no request was made by Bowen. *See Cooney-Koss v. Barlow*, 87 A.3d 1211, 1214-1216 (Del. 2014) (applying rule of evidence 406 and concluding that trial court in a medical malpractice case abused its discretion by excluding anesthesiologist's testimony on his routine practice where he had no memory of patient's hysterectomy).

[¶11] McDowell's testimony contradicts Bowen's declaration, and the district court is tasked with weighing the credibility of witnesses and conflicting evidence. We defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. *Williams*, 2019 ND 161, ¶ 5. The court found McDowell's testimony to be credible, including her lack of recollection of a request for an independent test, which she testified has only occurred once in her eight years as a correctional officer. McDowell testified that she did not recall "anything out of the ordinary dealing with [Bowen]." On this record the district court could find McDowell's lack of recollection of a request is more consistent with no request having been made than with Bowen making a request, McDowell failing to act on that request, and then McDowell not recalling that Bowen made this rare request. We conclude there is sufficient competent evidence supporting the district court's finding that Bowen failed to make a clear and unambiguous request for an independent test. The court's order denying suppression is not contrary to the manifest weight of the evidence.

4

# III

[¶12] Bowen argues the district court erred in denying his motion in limine and in admitting the chemical breath test results without requiring the State to produce the state toxicologist at trial. "We review a district court's decision on a motion in limine for an abuse of discretion." *State v. Lutz*, 2012 ND 156, ¶ 3, 820 N.W.2d 111. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner or if it misinterprets or misapplies the law. *Id.* We review an alleged violation of a constitutional right, including the right to confront an accuser, de novo. *Id.*

[¶13] Bowen argues the state toxicologist's statements in trial exhibits 10-14[1] concerning the installation and inspection of the Intoxilyzer used to perform the chemical breath test are testimonial and thus the State was required to produce him under the Confrontation Clause and N.D.R.Ev. 707. The Confrontation Clause protects a criminal defendant's right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The amendment "prohibits the admission of testimonial hearsay against the accused, unless the witness is unavailable to testify and the accused previously had an opportunity to cross-examine the declarant." *State v. Duncan*, 2011 ND 85, ¶ 13, 796 N.W.2d 672 (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)). Testimonial statements include:

> *[E]x parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness

---

[1] Although Bowen states in his brief that trial exhibits 1-14 contain testimonial statements, he conceded at oral argument that exhibits 10-14 are the documents he asserts contain testimonial statements from the state toxicologist. Because he is arguing the state toxicologist, or his designee, was required to be produced at trial under the Confrontation Clause and N.D.R.Ev. 707, we limit our review to the statements made by the state toxicologist in exhibits 10-14.

> reasonably to believe that the statement would be available for use at a later trial.

*City of West Fargo v. Olson*, 2020 ND 188, ¶ 7, 948 N.W.2d 15 (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009)). However, that does not mean "anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case." *Melendez-Diaz*, at 311 n.1. The Confrontation Clause "does not apply to non-testimonial hearsay." *Duncan*, at ¶ 13 (citing *Crawford*, at 68).

[¶14] Rule 707, N.D.R.Ev., was adopted in response to *Melendez-Diaz* and addresses "confrontation issues involving the admissibility of analytical reports." *Olson*, 2020 ND 188, ¶ 9. Rule 707(b) requires the State to produce a person at trial who made a testimonial statement in an analytical report if the defendant timely objects to the introduction of the report and identifies the person making the testimonial statement to be produced to testify about the report at trial. "Section 39-20-07, N.D.C.C., governs the admission of a chemical test result and allows the use of certified documents to establish the evidentiary foundation for the result." *Olson*, at ¶ 10. "The results of a chemical breath test must be received into evidence when it is shown: (1) the sample was properly obtained; (2) the test was fairly administered; (3) the test was performed according to methods and devices approved by the director of the state crime laboratory or the director's designee; and (4) the test was performed by an authorized individual or by one certified by the director of the state crime laboratory or the director's designee as qualified to perform it." *Id.* (citing N.D.C.C. § 39-20-07(5)).

[¶15] Bowen asserts that trial exhibits 10-14 are testimonial because their purpose is to establish that the chemical breath testing machine, Intoxilyzer 8000, was accurate, reliable, and working properly. Exhibit 10 is the "Intoxilyzer 8000 Initial Inspection," signed by State Toxicologist Charles Eder as the field inspector and operator, stating the "[i]nstrument is acceptable to be used in the field." Exhibit 13 is the "Intoxilyzer 8000 Installation and Repair Checkout," signed by Eder and stating that he reviewed the installation,

approved the instrument for use, and certified a true and correct copy was filed with the Attorney General's Office. Exhibits 11, 12, and 14 are annual "Intoxilyzer 8000 Inspection" forms, dated 2019, 2020, and 2021, respectively. Eder signed each as the analyst and operator and stated the "[i]nstrument is acceptable to be used in the field."

[¶16] In *Olson*, we concluded that the "Intoxilyzer 8000 Initial Inspection" and "Intoxilyzer 8000 Installation and Repair Checkout" did not contain testimonial statements by the individual who initially inspected and reviewed the installation of the Intoxilyzer 8000 testing device which was used to administer a chemical breath test. 2020 ND 188, ¶¶ 14-15. We reasoned that these reports were completed months before the criminal defendant was charged with DUI and there was no evidence that they were completed in anticipation of their use at a trial. *Id.* at ¶ 14. Moreover, there was no expected testimony from the individual that "would prove the substance of the results of the analytical report of the chemical breath test, or that the breath test was properly administered." *Id.* at ¶ 15. Thus, the statements in those reports were foundational, non-testimonial statements. *Id.*

[¶17] Here, all of the reports signed by Eder were conducted months or years before Bowen was administered the chemical breath test and charged with DUI, and there is no evidence in the record that Eder made the statements in the reports in anticipation of a trial. Eder's expected testimony concerning these reports would not prove the substance of the chemical breath test results or whether Bowen was properly administered the chemical breath test following his arrest. For the same reasons stated in *Olson*, we conclude the "Intoxilyzer 8000 Initial Inspection" and "Intoxilyzer 8000 Installation and Repair Checkout" signed by Eder are non-testimonial statements for confrontation purposes. We also extend this rationale to the annual inspections performed by Eder and conclude they contain non-testimonial statements. *See Lutz*, 2012 ND 156, ¶ 10 (noting that Supreme Judicial Court of Massachusetts in *Commonwealth v. Zeininger*, 947 N.E.2d 1060, 1062 (Mass. 2011), concluded that annual certification attesting to the proper functioning of a breathalyzer machine was not testimonial); *Melendez-Diaz*, 557 U.S. at 311 n.1. Accordingly,

7

the State was not required to produce Eder at trial, and the district court did not abuse its discretion in denying Bowen's motion in limine.

IV

[¶18] The judgment is affirmed.

[¶19] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr