FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
FEBRUARY 8, 2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 18

State of North Dakota,

Plaintiff and Appellee

v.

Erica Good Bear,

Defendant and Appellant

## No. 20230193

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Kendra M. Richard, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Kristen A. Clow, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Erica Good Bear appeals from a judgment entered following a jury verdict finding her guilty of terrorizing, a class C felony. Good Bear asserts there was insufficient evidence to warrant a conviction, the district court abused its discretion in admitting hearsay statements of a non-appearing child witness through the testimony of the victim and the responding officer, and she was denied her right to confront a witness. We affirm.

I

[¶2]   On November 17, 2022, law enforcement was dispatched to a call reporting a woman and her two children had run to a neighbor's residence asking for help. After responding and speaking with the involved parties, Good Bear was placed under arrest for terrorizing and domestic violence. At trial, the victim, the 911 caller, and the arresting officer testified.

[¶3]   The victim testified Good Bear told her Good Bear wanted to kill her, causing the victim fear. Good Bear then approached the victim from behind and strangled her. This attack continued until the victim's four-year-old child came into the room, yelling, "Don't kill my mom." The victim testified she was able to get away and run with her children to a neighbor's house to get help.

[¶4]   Good Bear objected as hearsay to the admission of the victim's testimony repeating the child's statement. The State argued the statement was not being offered to show the truth of the matter asserted but instead was being offered to show the effect on the child. The district court overruled the objection.

[¶5]   The arresting officer was subsequently called as a witness by the State. The officer indicated upon arriving, she briefly spoke with the 911 caller before she entered the caller's home to speak with the victim. The officer testified that prior to getting any information from the victim, the victim's four-year-old child approached the officer and stated Erica tried to kill his mommy.

[¶6]   Good Bear objected to the officer's testimony repeating the statement of the child as hearsay. The State argued its admission was permitted under the excited utterance exception to the rule excluding hearsay from evidence. Good Bear rebutted, stating it was not an excited utterance because too much time had passed between the event described by the statement and the child making the statement. The district court overruled the objection, finding the statement was obtained during the "gathering of information in a police investigation at the immediate scene in response to a 911 call."

[¶7]   At the conclusion of the State's case, Good Bear moved pursuant to N.D.R.Crim.P. 29 for a judgment of acquittal arguing there was insufficient evidence to support a conviction for terrorizing. The district court denied the motion after making a finding there was sufficient evidence to put the charges before the jury. The jury returned a verdict convicting Good Bear on the charge of terrorizing.

## II

[¶8]   Good Bear challenges the admission into evidence of the two statements made by the victim's four-year-old child, the first offered through the testimony of the victim and the second offered through the testimony of the arresting officer.

> The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion. A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law.

*State v. Vickerman*, 2022 ND 184, ¶ 8, 981 N.W.2d 881 (cleaned up).

[¶9]   In determining if an out-of-court statement is admissible, the district court must first determine if the statement is hearsay under the rules of evidence. Hearsay is a statement, other than made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. N.D.R.Ev. 801(c)-(c)(2). "As a general rule, hearsay evidence

is inadmissible." *Vickerman*, 2022 ND 184, ¶ 9; N.D.R.Ev. 802. It is only after determining a statement is hearsay that the court must determine if it falls into one of the exceptions to the hearsay rule listed within Rules 803 and 804.

A

[¶10] During the State's case, the victim testified to the domestic incident which occurred that night. She indicated Good Bear only stopped the assault after the victim's four-year-old child came into the room and said, "Don't kill my mom." The defense objected, asserting the statement was hearsay and should be excluded from evidence. The State responded the statement of the child was not being used to prove the truth of the matter but instead to show the effect the incident had on the child. The district court overruled the objection determining the statement was not hearsay, and admitted it into evidence. The court found the statement, "Don't kill my mom," was not being offered to prove the truth of the matter asserted because it was not being offered to prove Good Bear was attempting to kill the victim.

[¶11] Good Bear argues although not directly stating a threat had been made, the child's statement still infers that a threat of great bodily harm was directed toward the victim. Good Bear essentially argues we should look beyond the actual words of the statement, conclude the statement is evidence of a threat, and disregard the State's explanation of why the statement was offered, thereby allowing a determination the statement was offered to prove such a threat occurred, qualifying it as hearsay. Even if the statement, "Don't kill my mom," is being offered for the truth of the matter asserted, qualifying it as hearsay, the statement may still be admitted.

[¶12] Hearsay is generally inadmissible as evidence pursuant to N.D.R.Ev. 802 unless it falls within one of the exceptions outlined in N.D.R.Ev. 803 or N.D.R.Ev. 804. The excited utterance exception allows admission of "[a hearsay] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that the event or condition caused." N.D.R.Ev. 803(2). This exception to the rule excluding hearsay from evidence is permitted regardless of the declarant's availability to testify as a witness. N.D.R.Ev. 803. For a statement to be considered an excited utterance,

3

"[t]he foundational facts must show: (1) a startling event or condition; and (2) the statement is the product of the declarant's stress or excitement resulting from the startling event or condition." *State v. Schweitzer*, 2007 ND 122, ¶ 11, 735 N.W.2d 873.

[¶13] The victim's testimony regarding her four-year-old's statement, "Don't kill my mom," would qualify as an excited utterance. The child made the statement after walking in to see Good Bear strangling the victim, his mother, a startling event. The child then made the statement, "Don't kill my mom," as a direct result of the stress or excitement caused by witnessing this event. We conclude the district court did not abuse its discretion in admitting the statement into evidence.

B

[¶14] The arresting officer testified prior to gathering any information from the victim, the four-year-old child came up to the officer and stated Good Bear had tried to kill the victim. Good Bear objected, asserting the statement was hearsay and not admissible as evidence. The State responded indicating the statement was admissible under the excited utterance exception to N.D.R.Ev. 802's exclusion of hearsay from admission as evidence; Good Bear contended the statement did not fall within this exception as too much time had elapsed between the startling condition occurring and the child's statement to the officer. The district court overruled the objection. Upon appeal, the State continues to assert the child's statement is admissible under the excited utterance exception to the hearsay rule.

[¶15] It is unclear from the record the reason the district court overruled Good Bear's objection. Regardless of the basis for the court's ruling, "we will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning." *State v. Lafromboise*, 2021 ND 80, ¶ 20, 959 N.W.2d 596 (quoting *Sanders v. Gravel Prods., Inc.*, 2008 ND 161, ¶ 9, 755 N.W.2d 826).

[¶16] In determining if an out-of-court statement is admissible, the district court must first determine if the statement is hearsay under the rules of

evidence. Here, in their response to Good Bear's objection to the admission of the child's statement Erica tried to kill his mommy, through the officer, the State concedes that the statement is being offered to prove the truth of the matter asserted. However, the State argues that even though it is hearsay, its admission was permitted under the excited utterance exception to the rule excluding hearsay from evidence. As the State conceded this issue at trial, we will not reanalyze if the statement is hearsay upon appeal.

[¶17] Hearsay is generally inadmissible as evidence pursuant to N.D.R.Ev. 802 unless it falls within one of the exceptions outlined in N.D.R.Ev. 803 or N.D.R.Ev. 804. The excited utterance exception is included within Rule 803. Good Bear argues the excited utterance exception does not apply because, by the time the statement was made after the child had reached the neighbor's house, the stress or excitement resulting from the startling event or condition had passed.

[¶18] This issue was recently considered by the Iowa Supreme Court. *State v. Dessinger*, 958 N.W.2d 590 (Iowa 2021). The amount of time that is permissible to lapse between the event and the statement, to allow the statement to qualify under the excited utterance exception, is more likely to be on the high end of the range permitted when the statement is made by a child. *Id.* at 601-02. The Iowa Supreme Court inferred the basis for allowing longer periods of time between the event and a child's statement is that young children will likely remain in an excited state longer than adults. *See id.*

[¶19] Here, the declarant was a four-year-old child who had recently witnessed this altercation within the child's home against his mother and left the home running to seek safety at a neighbor's house. The responding officer arrived very shortly after the event had occurred. The statement was made shortly after the child witnessed Good Bear strangling his mother, a startling event. Further, the statement was made as a result of the child's stress or excitement resulting from his witnessing this event. We conclude under these circumstances, the hearsay statement qualified as an excited utterance and the district court did not abuse its discretion in admitting the statement.

## III

[¶20] Good Bear also asserts the district court erred admitting the officer's testimony regarding the child's statement as its admission violated Good Bear's Sixth Amendment rights under the Confrontation Clause of the United States Constitution.

[¶21] "[T]he Sixth Amendment prohibits the admission of testimonial hearsay against the accused, unless the witness is unavailable to testify and the accused had a prior opportunity to cross-examine the declarant. The Confrontation Clause does not apply to non-testimonial hearsay." *State v. Kalmio*, 2014 ND 101, ¶ 15, 846 N.W.2d 752 (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004); *see also Davis v. Washington*, 547 U.S. 813, 821 (2006)). "We review an alleged violation of a constitutional right, including the right to confront an accuser, de novo." *State v. Bowen*, 2023 ND 25, ¶ 12, 985 N.W.2d 636.

[¶22] The district court determined the child's statement made to the officer was hearsay and properly admitted the statement into evidence under the excited utterance exception to N.D.R.Ev. 802's exclusion of hearsay from evidence. However, even when a hearsay statement falls within an exception to the rule, it may not be admitted if the statement is testimonial in violation of the Sixth Amendment. Here, the court determined the statement was not testimonial because it was gathered during a police investigation at the immediate scene in response to a 911 call.

[¶23] "Statements are testimonial when they are (1) a product of formal interview, (2) obtained with government involvement, and (3) have a law enforcement purpose." *Vickerman*, 2022 ND 184, ¶ 17. This Court has further indicated statements are nontestimonial when the primary purpose is to "enable police assistance to meet an ongoing emergency," and are considered testimonial when the "circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *State v. Froelich*, 2017 ND 154, ¶ 9, 897 N.W.2d 905 (quoting *Davis*, 547 U.S. at 822).

6

[¶24] The officer testified she had responded to a report of a woman and her two children, who were not dressed for the weather, and had frantically run to a neighbor's house asking for help. Upon arrival, the officer spoke with the 911 caller, the neighbor, outside the house and entered his residence. She indicated that before being able to talk with the victim, the child came up to her and made the statement at issue.

[¶25] Although the officer is a government official, this statement was not obtained through a formal interview or police interrogation; the statement was obtained through no action of the officer and was the result of a child's excited utterance. There is no indication the officer was objectively gathering this statement to establish or prove past events relevant to criminal prosecution.

[¶26] We conclude the statement made by the child was not testimonial under the Sixth Amendment.

## IV

[¶27] Good Bear also argues there was insufficient evidence to support the jury's verdict on the charge of terrorizing. After reviewing the record, we conclude sufficient evidence supports the verdict. We summarily affirm under N.D.R.App.P. 35.1(a)(3), concluding the verdict is supported by substantial evidence.

## V

[¶28] We conclude the State produced sufficient evidence to support the jury's verdict of guilty to the charge of terrorizing, a class C felony. The district court did not abuse its discretion in the admission of the child statement through the testimony of the victim or the responding officer because in both instances the statements met the requirements of the excited utterance exception to the rule excluding hearsay from evidence. The hearsay statement offered through the testimony of the responding officer also did not violate Good Bear's constitutional right to confrontation because the statement was not testimonial. We affirm.

7

[¶29] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

8